UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

PHIL NEUMAN,

                            Plaintiff,                                      20-cv-10723 (PKC)

            -against-                                                          ORDER

JOSE GARCIA, et al.,

                            Defendants.
---------------------------------------------------------------x

CASTEL, District Judge:

            Federal courts are courts of limited jurisdiction.  See, e.g., Gunn v. Minton, 568 U.S. 251, 256 (2013).  "An argument that subject-matter jurisdiction is lacking may be raised at any time, by any party, or even sua sponte by the court."  Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urban Dev., 175 F.3d 132, 140 (2d Cir. 1999).

            The Complaint invokes federal diversity jurisdiction.  (Compl't ¶ 21.)  Plaintiff Phil Neuman is alleged to be a Nevada citizen.  (Compl't ¶ 13.)  Defendants Carlisle Acquisition Vehicle, LLC and Pillo Portsmouth Holding Company, LLC are each alleged to be "a Delaware limited liability company," with no allegations as to the citizenship of their respective members.  (Copml't ¶¶ 17-18.)  A complaint premised on diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company.  See Carter v. HealthPort Techs., LLC, 822 F.3d 47, 60 (2d Cir. 2016) ("In general, the citizenship of a limited liability company is determined by the citizenship of each of its members.");  Strother v. Harte, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of

diversity jurisdiction, a limited liability company has the citizenship of each of its members."); Rule 8(a), Fed. R. Civ. P.

Separately, the Complaint does not expressly allege the citizenship of the corporate defendants.  Carlisle Investment Group, S.à r.l. is described as "a Luxembourg private liability company that maintains offices in Luxembourg."  (Compl't ¶ 20.)  Defendant Pillo Financial Consulting Corp. is alleged to be a District of Columbia corporation that "does not maintain offices other than through its registered agent, Jose Garcia in the District of Columbia." (Compl't ¶ 19.)  In alleging diversity of citizenship, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The Complaint falls short of alleging that Carlisle Investment Group, S.à r.l. is a Luxembourg corporation that maintains its principal place of business in Luxembourg and that Pillo Financial Consulting Corp. maintains its principal place of business in the District of Columbia.

Within fourteen days of this Order, plaintiffs may serve upon the LLC defendants an interrogatory limited to the citizenship of all natural persons who are their members, and, if any corporation is a member, the jurisdiction under whose laws it is incorporated and the principal place of business.  Defendants shall have seven days to respond to the interrogatory.

Within thirty days of this Order, the plaintiff shall amend its complaint to allege the citizenship of each defendant, or the action will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
        December 23, 2020