**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PHIL NEUMAN,

Plaintiff,

-against -

JOSE GARCIA, TIM MOL, VICTOR HEGGELMAN, CARLISLE ACQUISITION VEHICLE, LLC, PILLO PORTSMOUTH HOLDING COMPANY, LLC, PILLO FINANCIAL CONSULTING CORP., and CARLISLE INVESTMENT GROUP, S.À R.L.,

Defendants.

Case No.: 1:20-cv-10723 (PKC)

**DECLARATION OF SERVICE UNDER RULE 4(f)(2)(C)(ii)**

EDWARD GRIFFITH declares pursuant to 28 U.S.C. § 1746 as follows:

1. I am the principal of The Griffith Firm, counsel to plaintiff Phil Neuman in this action. I am also over 18 years old and not a party to this action. I make this declaration to establish service of the following documents on defendant Carlisle Investment Group, S.à r.l. ("Carlisle Investment") on January 11, 2021 pursuant to Rule 4(f)(2)(C)(ii) of the Federal Rules of Civil Procedure:

The Summons,
The Complaint,
The Amended Complaint,
The Civil Cover Sheet,
Judge Castel's Individual Practices,
The Court's Electronic Case Filing Rules and Instructions, and
French translations of each of these documents.

2. By letter dated January 7, 2021, I requested the Clerk of Court to send Federal Express packages containing those documents to Carlisle Investment and four other defendants residing in Luxembourg: Jose Garcia, Tim Mol, Victor Heggelman and Pillo Financial Consulting Corp. A copy of that letter, which was accompanied by pre-paid and addressed Federal Express packages, is annexed hereto as Exhibit 1.

3. My request was made under Rules 4(h)(2) and 4(f)(2)(C)(ii) of the Federal Rules of Civil Procedure. Rule 4(h)(2) permits service on a corporation, partnership or association at a place not within any judicial district of the United States "in any manner prescribed by Rule 4(f) for serving an individual, except personal service under (f)(2)(C)(i)." Rule 4(f)(2)(C)(ii) permits service on an individual in a foreign country by "any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt," provided such service is not prohibited by the country's laws or any applicable international agreement.

4. Here, Luxembourg is a contracting party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Convention"). Article 10(a) of the Convention provides:

> Provided the State of destination does not object, the present Convention shall not interfere with (a) the freedom to send judicial documents, by postal channels, directly to persons abroad….

Convention, Art. 10(a).[1]

5. Luxembourg does not object to Article 10(a) provided the judicial documents are accompanied by a translation into French or German. *See* Convention, Luxembourg Declaration No. 4.[2] French translations of all documents were included in the Federal Express packages that I provided to the Clerk.

6. On January 9, 2021, the Clerk sent the FedEx packages to Carlisle Investment, *see* Clerk's Certificate of Mailing (ECF Doc. 24), and the other defendants in Luxembourg, *see* Clerk's Certificates of Mailing (ECF Docs. 25-28).

7. On January 11, 2021, Federal Express delivered the package to Carlisle Investment at its office in Luxembourg as reflected by the FedEx Proof of Delivery, signed for by M. Pazzaglia, annexed hereto as Exhibit 2.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 12, 2021
Brooklyn, New York

*/s/ Edward Griffith*

Edward Griffith

[1] https://assets.hcch.net/docs/f4520725-8cbd-4c71-b402-5aae1994d14c.pdf.

[2] https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=411&disp=resdn.