**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------x

| | | |
|---|---|---|
| PHIL NEUMAN,<br>Plaintiff,<br><br>-against -<br><br>JOSE GARCIA, TIM MOL, VICTOR HEGGELMAN, CARLISLE ACQUISITION VEHICLE, LLC, PILLO PORTSMOUTH HOLDING COMPANY, LLC, PILLO FINANCIAL CONSULTING CORP., and CARLISLE INVESTMENT GROUP, S.À R.L.,<br><br>Defendants. | : | Case No.: 1:20-cv-10723 (PKC) |

---------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE WHY LUXEMBOURG DEFENDANTS SHOULD NOT BE SERVED BY EMAIL UNDER RULES 4(f)(3) AND 4(h)(2)**

THE GRIFFITH FIRM
45 Broadway, Suite 2200
New York, New York 10006
(646) 645-3784 (mobile)
eg@thegriffithfirm.com

*Counsel for Plaintiff Phil Neuman*

# TABLE OF CONTENTS

*Page*

PRELIMINARY STATEMENT ........ 2

FACTUAL BACKGROUND ........ 3

ARGUMENT ........ 6

I. THE CLERK'S SERVICE OF THE LUXEMBOURG DEFENDANTS BY FEDEX WAS EFFECTIVE UNDER RULES 4(f)(2)(C)(ii) and 4(h)(2) ........ 6

II. THE COURT SHOULD AUTHORIZE EMAIL SERVICE UNDER RULE 4(f)(3) AND 4(h)(2) TO AVOID NEEDLESS LITIGATION OVER SERVICE ISSUES ........ 8

CONCLUSION ........ 10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

PHIL NEUMAN,

Plaintiff,

-against -

JOSE GARCIA, TIM MOL, VICTOR HEGGELMAN, CARLISLE ACQUISITION VEHICLE, LLC, PILLO PORTSMOUTH HOLDING COMPANY, LLC, PILLO FINANCIAL CONSULTING CORP., and CARLISLE INVESTMENT GROUP, S.À R.L.,

Defendants.

---

Case No.: 1:20-cv-10723 (PKC)

**MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE WHY LUXEMBOURG DEFENDANTS SHOULD NOT BE SERVED BY EMAIL UNDER RULES 4(f)(3) AND 4(h)(2)**

Plaintiff Phil Neuman submits this memorandum of law in support of his motion by Order to Show Cause for leave to serve the five defendants who maintain offices, or are located, in Luxembourg by email under Rules 4(f)(3) and 4(h)(2) of the Federal Rules of Civil Procedure:

(i) Jose Garcia
(ii) Tim Mol
(iii) Victor Heggelman
(iv) Pillo Financial Consulting Corp. ("Pillo Financial"), and
(v) Carlisle Investment Group, S.à r.l. ("Carlisle Investment")

(collectively, the "Luxembourg Defendants").

## PRELIMINARY STATEMENT

Rule 4(f)(3) authorizes district courts to permit service upon individuals in a foreign country "by other means not prohibited by international agreement" and Rule 4(h)(2) authorizes district courts to permit service upon corporations, partnerships or associations outside the United States "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery." As set forth below and the supporting declarations of Mr. Neuman (Doc. 32-14) and his counsel (Doc. 32), service by email is warranted because, *inter alia*:

(i) two of the Luxembourg Defendants, Carlisle Investment and Heggelman, have been properly served by the Court Clerk under Rule 4(f)(2)(C)(ii) but they nevertheless intend to challenge service in an effort to delay this action;

(ii) the remaining three Luxembourg Defendants, Jose Garcia, Tim Mol and Pillo Financial, would have been served but for their willful refusal to accept delivery of the FedEx packages sent by the Court Clerk;

(iii) all the Luxembourg Defendants have actual knowledge of this action and access to all pleadings;

(iv) all the Luxembourg Defendants are represented by counsel who have all pleadings and access to the docket; and

(vi) email is a fair and reliable means of serving the Luxembourg Defendants that prevents needless litigation over service issues.

## FACTUAL BACKGROUND

The relevant facts are set forth in the accompanying declaration of Mr. Neuman's counsel, Edward Griffith (Doc. 32), and the exhibits thereto, which include Mr. Neuman's declaration (Doc. 32-14). Those facts are briefly summarized here for the convenience of the Court.

This action, which was commenced on December 18, 2020, is for breach of contract, breach of fiduciary duty, conversion, conspiracy to commit conversion, replevin, fraud, conspiracy to commit fraud and fraudulent conveyance arising from agreements between Plaintiff Phil Neuman, on one hand, and Defendant Jose Garcia and his company Defendant Pillo Financial Consulting Corp. ("Pillo Financial"), on the other hand. Amended Complaint (Doc. 23) at ¶ 1.

Two of the seven defendants, Pillo Portsmouth and Carlisle Acquisition Vehicle, are Delaware limited liability companies that were served on December 22, 2020; their responses to the Amended Complaint are due on January 20, 2021. Griffith Dec. (Doc. 32) at ¶ 3; Summonses Return Executed (Docs. 19 and 20)).

The other five defendants, *i.e.*, the Luxembourg Defendants, maintain offices, or are located, in Luxembourg at Carlisle Investment's offices, 9 Rue Saint Zithe, Luxembourg L-2763. On January 9, 2021, at the request of Mr. Neuman's counsel, the Court Clerk served the Luxembourg Defendants under Fed. R. Civ. P. 4(f)(2)(C)(ii) by sending them Federal Express packages containing:

The Summons,
The Complaint,
The Amended Complaint,
The Civil Cover Sheet,
Judge Castel's Individual Practices,
The Court's Electronic Case Filing Rules and Instructions (the "ECF Rules"), and
French translations of each of those documents

(collectively, the "Case Initiating Documents"). *See* Clerk's Certificates of Mailing (Docs. 24-28). That rule provides for service of individuals in foreign countries by "any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt" where, as here, such service is not prohibited by international agreement or the laws of the destination country, in this case Luxembourg. *See, infra,* at Argument § I.

On January 11, 2021, Federal Express delivered packages to two of the Luxembourg Defendants, Victor Heggelman and Carlisle Investment. *See* Declarations of Service (Docs. 29 and 30) (annexing signed Proof of Delivery). The other three Luxembourg Defendants, Jose Garcia, Tim Mol and Pillo Financial, refused to accept delivery. *See* Griffith Dec. at § IV; Exhibits 1-3 (FedEx Notifications that recipient refused delivery).

The Luxembourg Defendants are represented by two lawyers at Arent Fox, Jule Rousseau and James H. Hulme, who have indicated they are not authorized to accept service on behalf of their clients. Mr. Hulme has asserted, without

explanation, that the Clerk's service of Mr. Heggleman and Carlisle Investment under Rule 4(f)(2)(C)(ii) was not effective and that they intend to challenge service. *See* Griffith Dec. at ¶ 22; Exhibit 4 (January 12, 2021 email exchange).

Prior to the Clerk's service by FedEx, the Luxembourg Defendants had actual notice of this action by various means. First, Mr. Neuman and his corporate counsel corresponded with Garcia and Mol via email since last summer in an attempt to resolve this dispute amicably. Griffith Dec. at ¶ 12. Second, before this action was commenced, Garcia and Mol were provided with a draft of the complaint. *Id.*; Exhibit 8. Third, after commencement of this action, counsel for all of the Luxembourg Defendants was provided with the Summonses, Complaint and Amended Complaint. Griffith Dec. at ¶ 14; Exhibit 10. Fourth, Luxembourg Defendant Jose Garcia is the sole owner of domestic defendant Pillo Portsmouth, which was served on December 22, 2020. *See* Pillo Portsmouth Interrogatory Responses (Exhibit 11) (verified by Garcia). Fifth, on January 4, 2021, each of the Luxembourg Defendants accepted delivery of a FedEx package containing the Case Initiating Documents sent directly by Mr. Neuman's counsel. Griffith Dec. at ¶ 17; Exhibit 12 (signed FedEx Proof of Delivery).[1]

---

[1] Delivery of those packages did not constitute service under Rule 4(f)(2)(C)(ii) because they were not sent by the Court Clerk. The signed acknowledgment of receipt of those packages nevertheless establishes that the Luxembourg Defendants are in possession of the Case Initiating Documents.

## ARGUMENT

### I. THE CLERK'S SERVICE OF THE LUXEMBOURG DEFENDANTS BY FEDEX WAS EFFECTIVE UNDER RULES 4(f)(2)(C)(ii) and 4(h)(2).

Rule 4(f)(2)(C)(ii) of the Federal Rules of Civil Procedure permits service on an individual in a foreign county by "any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt," provided such service is not prohibited by the country's laws or any applicable international agreement.

Here, Luxembourg is a contracting party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Convention"). Article 10(a) of the Convention provides:

> Provided the State of destination does not object, the present Convention shall not interfere with (a) the freedom to send judicial documents, by postal channels, directly to persons abroad….

Convention, Art. 10(a).[2]

Luxembourg does not object to Article 10(a) provided the judicial documents are accompanied by a translation into French or German. *See* Convention, Luxembourg Declaration No. 4.[3] French translations of all documents were included

---

[2] https://assets.hcch.net/docs/f4520725-8cbd-4c71-b402-5aae1994d14c.pdf.

[3] https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=411&disp=resdn.

in the Federal Express packages that the Clerk sent to the Luxembourg Defendants. Griffith Dec. at ¶¶ 4, 17.

Federal courts have recognized that such service on parties is Luxembourg is effective. *See*, *e.g.*, *Calix v. Alfa Consult, S.A.*, 2015 WL 3902918 (N.D. Cal. June 24, 2015). The *Calix* court explained:

> Here, the Hague Convention applies because Luxembourg is a signatory to the Convention. In addition, at the time of service, Luxembourg was not opposed to service by postal channels. Pursuant to Rule 4(f)(2)(C)(ii), the court clerk mailed the Summons and Complaint to Alfa via FedEx international mail requiring a signed receipt … FedEx international mail is an acceptable form of mail under Rule 4(f)(2)(C)(ii) as well as an acceptable postal channel under Article 10(a). *See Power Integrations, Inc. v. Sys. Gen. Corp.*, WL 2806168, *2 (N.D. Cal. Dec. 7, 2004) (holding that plaintiff made a prima facie showing of adequate service under Rule 4(f)(2)(C)(ii) where the court clerk served papers on foreign corporation via Federal Express); *R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F.Supp. 1100 (D.Nev.1996) (denying motion to quash Federal Express service on foreign corporation because service by Federal Express comported with Article 10(a) of the Hague Convention). Thus, Alfa was properly served.

*Id*. at *4.

The Clerk's service by FedEx on the Luxembourg Defendants was therefore effective, at least with respect to Carlisle Investment and Heggelman, which accepted the Clerk's FedEx packages on January 11, 2021. *See* Declarations of Service (Docs. 29 and 30). Service on the other Luxembourg Defendants, who refused to accept delivery of the Clerk's FedEx packages, may also be effective.

While Rule 4(f)(2)(C)(ii) requires that the service be made by a form of mail "that requires a signed receipt," the Rule does not expressly require a signed receipt to effect service. Here, the defendants have actual knowledge of this action and are in possession of the Case Initiating Documents. Under these circumstances, their willful refusal to accept delivery of the FedEx packages sent by the Clerk should not invalidate service under Rule 4(f)(2)(C)(ii). To avoid litigation over such service issues, however, the Court should allow email service under Rule 4(f)(3). *See*, *infra*, at Argument § II.

## II. THE COURT SHOULD AUTHORIZE EMAIL SERVICE UNDER RULE 4(f)(3) AND 4(h)(2) TO AVOID NEEDLESS LITIGATION OVER SERVICE ISSUES.

"[T]he Court has the discretion to order any other means of service not prohibited by international agreements, including service by direct registered mail or e-mail, that would allow for proper service without causing an extensive delay in this litigation. *Parfitt Way Management Corp. v. GSM*, 2018 WL 2364287, *9 (N.D.N.Y. May 24, 2018) (citing, *inter alia*, Fed. R. Civ. P. 4(f)(3); *Elsevier, Inc. v. Siew Yee Chew*, 2018 WL 1275752, at *2-4 (S.D.N.Y. Mar. 12, 2018) (allowing e-mail service on Chinese and Malaysian defendants without requiring plaintiff to first show that other methods were unavailable or unsuccessful, and citing cases).

"Rule 4(f)(3) provides 'an independent basis for service of process and is neither extraordinary relief nor a last resort to be used only when parties are unable

to effectuate service under subsections (f)(1) and (f)(2)…. Courts have relied on Fed. R. Civ. P. 4(f)(3) …. In authorizing alternative methods of service including, inter alia, service by fax, e-mail, ordinary mail and publication.'" *Cold Springs Constr. Co. v. Spikes*, 2012 WL 41967, *2 (W.D.N.Y. Jan. 9, 2012) (quoting *Ryan v. Brunswick Corp.*, 2002 WL 1628933, *2 (W.D.N.Y. May 31, 2002) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015-1016 (9th Cir.2002)). *Accord W. Supreme Buddha Ass'n, Inc*. 2011 WL 856378, at *1 (noting that service under Fed. R. Civ. P. 4(f)(3) "'is neither a last resort nor extraordinary relief [though it] ... must also comport with constitutional notions of due process ... [namely] notice reasonably calculated ... to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'").

Here, service by email under Rule 4(f)(3) is appropriate and does not offend due process because the Luxembourg Defendants have actual notice of the lawsuit, are in possession of the Case Initiating Documents and are represented by counsel. In addition, the Luxembourg Defendants have regularly corresponded by email with Mr. Neuman for years, so there is no question that they will receive service by email. Neuman Dec. (Exhibit 14) at ¶¶ 3-6.

Finally, authorizing email service is necessary to prevent the Luxembourg Defendants from engaging in protracted and unnecessary litigation over service issues. Their counsel has already indicated that he intends to challenge the Clerk's

FedEx service of Carlisle Investment and Heggelman under Rule 4(f)(2)(C)(ii), even though he has not identified any defect in that service. Griffith Dec. (Doc. 32) at ¶¶ 6, 22; Exhibit 4 (January 12, 2021 email exchange). Authorizing email service would make any such litigation moot.

Finally, Mr. Neuman has brought this motion by Order to Show Cause in an effort to timely serve all defendants and resolve all service issues before February 1, 2021. Doing so will require all defendants to respond to the Amended Complaint before the Initial Pretrial Conference scheduled for February 22, 2021. *See* Order (Doc. 21).

**CONCLUSION**

The Court should authorize email service of the Luxembourg Defendants under Rules 4(f)(3) and 4(h)(2) of the Federal Rules of Civil Procedure.

Dated: January 13, 2020

THE GRIFFITH FIRM

*/s/ Edward Griffith*
By:______________________________
EDWARD GRIFFITH, ESQ.
45 Broadway, Suite 2200
New York, New York 10006
(646) 645-3784 (mobile)
eg@thegriffithfirm.com