**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------x

PHIL NEUMAN,

Plaintiff,

-against -

JOSE GARCIA, TIM MOL, VICTOR HEGGELMAN, CARLISLE ACQUISITION VEHICLE, LLC, PILLO PORTSMOUTH HOLDING COMPANY, LLC, PILLO FINANCIAL CONSULTING CORP., and CARLISLE INVESTMENT GROUP, S.À R.L.,

Defendants.

---------------------------------------------------x

Case No.: 1:20-cv-10723 (PKC)

**DECLARATION OF EDWARD GRIFFITH IN SUPPORT OF ORDER TO SHOW CAUSE**

EDWARD GRIFFITH declares pursuant to 28 U.S.C. § 1746 as follows:

1. I am the principal of The Griffith Firm, counsel to plaintiff Phil Neuman in this action. I make this declaration in support of Mr. Neuman's motion by Order to Show Cause for leave to serve the following five defendants who maintain offices, or are located, in Luxembourg by email under Rules 4(f)(3) and 4(h)(2) of the Federal Rules of Civil Procedure:

(i) Jose Garcia
(ii) Tim Mol
(iii) Victor Heggelman
(iv) Pillo Financial Consulting Corp. ("Pillo Financial"), and
(v) Carlisle Investment Group, S.à r.l. ("Carlisle Investment")

(collectively, the "Luxembourg Defendants").

2. Rule 4(f)(3) authorizes district courts to permit service upon individuals in a foreign country "by other means not prohibited by international agreement" and Rule 4(h)(2) authorizes district courts to permit service upon corporations, partnerships or associations outside the United States "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery." As set forth in more detail in the accompanying memorandum of law (Doc. 33), service by email is warranted under the circumstances set forth below.

**I. INTRODUCTION.**

3. Only two of the seven defendants in this action are United States citizens that may be served in the United States. Those defendants, Carlisle Acquisition Vehicle, LLC and Pillo Portsmouth Holding Company, LLC ("Pillo Portsmouth), were served on December 22, 2020 and their responses to the Amended Complaint are due on January 20, 2021.[1]

4. On January 9, 2021, the Court Clerk, at my request, served the five Luxembourg Defendants under Fed. R. Civ. P. 4(f)(2)(C)(ii) by sending them Federal Express packages containing the following documents:

The Summons,
The Complaint,

---

[1] *See* Summonses Return Executed (Docs. 19 and 20); Amended Complaint filed on January 6, 2021 (Doc. 23); Fed. R. Civ. P. 15(a)(3) (response to Amended Complaint due "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later").

The Amended Complaint,
The Civil Cover Sheet,
Judge Castel's Individual Practices,
The Court's Electronic Case Filing Rules and Instructions (the "ECF Rules"), and
French translations of each of those documents

(collectively, the "Case Initiating Documents"). *See* Clerk's Certificates of Mailing (Docs. 24-28).

5. On January 11, 2021, Federal Express delivered packages to two of the Luxembourg Defendants, Victor Heggelman and Carlisle Investment. *See* Declarations of Service (Docs. 29 and 30) (annexing signed Proof of Delivery). The other three Luxembourg Defendants, Jose Garcia, Tim Mol and Pillo Financial, refused to accept delivery. *See*, *infra*, at § IV; Exhibits 1-3 (FedEx Notifications that recipient refused delivery).

6. The Luxembourg Defendants are represented by two lawyers at Arent Fox, Jule Rousseau and James H. Hulme, who have indicated they are not authorized to accept service on behalf of their clients. Mr. Hulme has asserted, without explanation, that the Clerk's service of Mr. Heggleman and Carlisle Investment under Rule 4(f)(2)(C)(ii) was not effective. *See*, *infra*, at ¶ 22; Exhibit 4 (January 12, 2021 email exchange).

7. As set forth in more detail in the accompanying memorandum of law (Doc. 33), email service of the Luxembourg Defendants under Rule 4(f)(3) is

appropriate to avoid needless litigation over international service issues where, as here, the defendants have notice of the lawsuit, have communicated regularly with plaintiff by email prior to commencement of the lawsuit and are represented by counsel. *See* Sup. Mem. (Doc. 33) at 8 (citing, *inter alia*, *Elsevier, Inc. v. Siew Yee Chew*, 2018 WL 1275752, at *2-4 (S.D.N.Y. Mar. 12, 2018) (allowing e-mail service on Chinese and Malaysian defendants without requiring plaintiff to first show that other methods were unavailable or unsuccessful, and citing cases).).

8. Mr. Neuman brings this motion by Order to Show Cause in an effort to serve the Luxembourg Defendants in a timely manner, so their responses are due prior to the Initial Pretrial Conference scheduled for February 22, 2021. *See* December 22, 2020 Order (Doc. 21).

## II. THE RELATIONSHIP AMONG THE LUXEMBOURG DEFENDANTS.

9. The three individual Luxembourg defendants, Jose Garcia, Tim Mol and Victor Heggelman, are, respectively, the CEO, the COO and CFO of Carlisle Management Company, S.C.A. ("Carlisle Management"), a Luxembourg partnership that operates investment funds focused on the U.S. market for life insurance settlements. Amended Complaint at ¶ 2(i); Carlisle Management webpage "Team" (Exhibit 5).[2]

[2] https://cmclux.com/team.

10. Carlisle Management is managed by its General Partner, Luxembourg Defendant Carlisle Investment; Garcia, Mol and Heggelman hold their positions with Carlisle Management by virtue of their roles as managers of the Carlisle Investment. *See*, *e.g.*, letters dated November 17, 23 and December 17, 2020 from Carlisle Management Company S.C.A. as represented by its general partner, Carlisle Investment Group, S.à r.l. (Exhibit 6) (executed by Garcia and Mol as "Managers").

11. The remaining Luxembourg Defendant, Pillo Financial, is a revoked District of Columbia corporation whose registered agent is Jose Garcia. *See* Entity Information from DC.gov (Exhibit 7). Although the corporate information for Pillo Financial provided to the District of Columbia includes an address, *id*., neither Garcia nor Pillo Financial can be found at that address. Thus, the only practical means of serving Pillo Financial is to serve its registered agent, Jose Garcia, who resides, and maintains an office, in Luxembourg.[3]

---

[3] Garcia is the sole owner of one of the domestic defendants that was served on December 22, 2020, Pillo Portsmouth. *See* Pillo Portsmouth Interrogatory Responses (Exhibit 11) at Response to Interrogatory No. 1 and Verification (executed by Garcia). Mr. Rousseau and Mr. Hulme represent Pillo Portsmouth as well as the five Luxembourg Defendants. The remaining defendant, Carlisle Acquisition Vehicle, LLC, is represented by separate counsel.

## III. THE LUXEMBOURG DEFENDANTS HAVE ACTUAL NOTICE OF THIS ACTION.

12. Commencing last summer, Mr. Neuman's corporate lawyer, Richard Levine at Withers Bergman LLP, corresponded regularly with Luxembourg Defendants Jose Garcia and Tim Mol in an effort to resolve this matter amicably. On December 15, 2020, after that effort appeared to have failed, Mr. Levine sent Garcia and Mol draft complaints in this action and a Luxembourg action that has been subsequently commenced. A copy of that email, on which I was copied, is annexed hereto as Exhibit 8.

13. On December 17, 2020, Mr. Rousseau responded to Mr. Levine, stating:

> My partner Jay Hulme and I have been engaged to represent the potential defendants named in the draft complaint you sent to Jose Garcia and other[s] on Dec 15.

Exhibit 9 (December 17, 2020 email exchange).

14. On December 22, 2020, after domestic defendants Pillo Portsmouth and Carlisle Acquisition Vehicle were served, I sent Mr. Rousseau an email attaching the Summons, Complaint, Civil Cover Sheet, Judge Castel's Individual Practices and the ECF Rules. My email, on which Mr. Hulme was copied, asked whether Mr. Rousseau was authorized to accept service on behalf of the Luxembourg Defendants. A copy of that email is annexed hereto as Exhibit 10.

15. I did not receive a response to my December 22, 2020 email. On December 23, 2020, I sent Mr. Rousseau and Mr. Hulme another email, which annexed the Court's December 22, 2020 Order scheduling the February 22, 2021 Initial Pretrial Conference. And on December 30, 2020, I sent them another email, which annexed Interrogatories seeking citizenship information authorized under the Court's December 23, 2020 Order.

16. On January 6, 2021, Mr. Hulme sent me an email annexing Pillo Portsmouth's Interrogatory Responses, which are annexed hereto as Exhibit 11. Significantly, Mr. Garcia verified those responses, which acknowledge that he is the only member of Pillo Portsmouth.

17. In addition, on December 23, 2020, I sent the Summons, Complaint, Civil Cover Sheet, Judge Castel's Individual Practices, the ECF Rules and French translations of those documents to each of the Luxembourg Defendants by Federal Express. Those packages were delivered on January 4, 2021. *See* Federal Express Signed Proofs of Delivery (Exhibit 12). Because the Court Clerk did not send those FedEx packages, however, the Luxembourg Defendants' receipt of them did not constitute proper service under Rule 4(f)(2)(C)(ii).

18. These facts conclusively demonstrate that each of the Luxembourg Defendants has actual notice of this lawsuit as well as access to all of the relevant pleadings, including the Summonses, Complaint and Amended Complaint.

## IV. THE LUXEMBOURG DEFENDANTS ARE EVADING SERVICE WITH THE INTENT OF DELAYING THIS ACTION.

19. On January 7, 2021, I corrected my error in directly sending FedEx packages to the Luxembourg Defendants by preparing new FedEx packages containing the Case Initiating Documents and requesting the Court Clerk to send them. *See* my January 7, 2021 Letter to the Court Clerk (Exhibit 13). As set forth, *supra*, at ¶ 4, on January 9, 2021, the Clerk sent those packages and on January 11, 2021, the packages addressed to Carlisle Investment and Victor Heggelman were delivered. *See* Declarations of Service (Docs. 29 and 30) (with Proof of Delivery).

20. On January 12, 2021, however, the remaining Luxembourg Defendants, Jose Garcia, Tim Mol and Pillo Financial, refused to accept delivery of their packages. *See* FedEx Notifications that recipient refused delivery (Exhibits 1-3). FedEx could not deliver the packages because the office staff at the Carlisle headquarters in Luxembourg had been instructed to refuse delivery. The office was not closed and the packages were not sent to the wrong address. On the contrary, on January 4, 2021, all of the Luxembourg Defendants accepted delivery of the FedEx packages that I sent directly to the same address. And on January 11, 2021, Carlisle Investment and Heggelman accepted delivery of their packages, also sent to the same address. The FedEx "Delivery Exceptions" expressly state that the reason delivery failed was that the packages were:

*Refused by Recipient*.

*Id.* (emphasis added).

21. After receiving these FedEx notifications, I sent an email this morning to Mr. Rousseau and Mr. Hulme accusing the three Luxembourg Defendants who refused to accept delivery of evading service and asking, once again, that those Defendants authorize Mr. Rousseau and Mr. Hulme to accept service on their behalf. A copy of that email is annexed hereto as part of Exhibit 4.

22. Mr. Hulme responded by asserting that he disagrees that Carlisle Investment and Mr. Heggelman have been properly served under Rule 4(f)(2)(C)(ii) and that he "will take that issue up with the Court at the appropriate time." *See* January 12, 2021 email exchange (Exhibit 4). My Declarations of Service for Carlisle Investment and Heggelman (Docs. 29 and 30) set forth detailed analyses as to why the Clerk's FedEx packages constitutes effective service under Rule 4(f)(2)(C)(ii). Mr. Hulme offers no analysis or support for his "disagreement." January 12, 2021 email (Exhibit 4).

23. Thus, Luxembourg Defendants have manifested their intension to evade service and litigate service issues in an effort to delay this action, even though two of them have been properly served and all of them have actual knowledge of this action.

## V. EMAIL SERVICE IS RELIABLE.

24. Email service to Garcia, Mol and Heggelman is reliable service on them and the two corporate Luxembourg Defendants, Carlisle Investment and Pillo Portsmouth. First, Garcia and Mol are managers of Carlisle Investment, as confirmed by their letters on behalf of "Carlisle Management … as represented by Carlisle Investment …." *See* November 17, 23 and December 17, 2020 Letters (Exhibit 6) (executed as "Managers" of Carlisle Investment). Second, Garcia is the registered agent of Pillo Financial. *See* D.C. Entity Information for Pillo Financial (Exhibit 7).

25. In addition, Mr. Neuman has successfully corresponded with Garcia, Mol and Hegglement at their Carlisle email addresses for many years. *See* Neuman Dec. (Exhibit 14) at ¶¶ 3-4. Although Mr. Neuman's declaration sets forth those email addresses, they are redacted in the version of his declaration filed with the Court to protect the defendants' privacy. The email addresses are also redacted on Garcia's and Mol's letters dated November 17, 23 and December 17, 2020 annexed hereto as Exhibit 6. A non-redacted version of the Neuman declaration and the Garcia/Mol letters, however, will be served on defendants and their counsel pursuant to the Court's Order to Show Cause.

26. Thus, sending the Initiating Case Documents to Garcia, Mol and Heggelman at their Carlisle email addresses is a fair and reliable method of serving all five of the Luxembourg Defendants.

## VI. CONCLUSION.

27. Under these circumstances and for the reasons set forth in the accompanying memorandum of law (Doc. 33), the Court should authorize email service of the Luxembourg Defendants under Rule 4(f)(3).

* * *

28. No prior application for this relief has been made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 12, 2021
Brooklyn, New York

*/s/ Edward Griffith*

Edward Griffith