**Subject:** RE: Notice of Inspection [W-US.FID650162]
**Date:** Tuesday, December 15, 2020 at 11:26:16 AM Eastern Standard Time
**From:** LeVine, Richard
**To:** Tim Mol, Jose Garcia
**CC:** Phil Neuman, Phil Neuman, Edward Griffith, 'Zachary Marans', Torsten SCHMITT, 'Sabine BRANDES', Nicolas RONZEL, Michel Jimenez, Iulia Gay, Charline Dubas
**Attachments:** image001.png, image002.png, Complaint 121520.pdf, Luxembourg Complaint 151220.pdf, Luxembourg Complaint 151220 en.pdf

Dear Jose and Tim,

I'm disappointed that you haven't been able to resolve Phil's concerns, which are about to result in litigation in both the United States and Europe. Attached are draft complaints that Phil intends to file in New York and Luxembourg this week.

Let me know by tomorrow if you are interested in trying to negotiate a pre-litigation resolution.

Best regards,

**Richard LeVine**
Of Counsel
Wealth Planning & Tax
t +1 203 974 0317 c +1 203 376 8798 f +1 203 285 1617
withersworldwide.com | my profile

Secretary: Karolyn DeGrand t +1 203 974 0379

Withers Bergman LLP
157 Church Street, 12th Floor, New Haven, Connecticut 06510-2100

Withers, as a global firm, is employing business continuity practices to deliver effective client service around the world safely, whether through our offices or remotely. For more information on how we can help, please click on the banner below.




---

**From:** Tim Mol [mailto:TMol@cmclux.com]
**Sent:** Tuesday, November 24, 2020 8:22 AM
**To:** LeVine, Richard <Richard.LeVine@withersworldwide.com>; Jose Garcia <JGarcia@cmclux.com>
**Cc:** Phil Neuman <phil@carlislemc.com>; Phil Neuman <pneuman@carlislemc.com>; Edward Griffith <eg@thegriffithfirm.com>; 'Zachary Marans' <zmarans@mhavencap.com>; Torsten SCHMITT <torsten.schmitt@tsp.law>; 'Sabine BRANDES' <sabine.brandes@tsp.law>; Nicolas RONZEL <nicolas.ronzel@tsp.law>
**Subject:** RE: Notice of Inspection [W-US.FID650162]

Richard,

Phil has no entitlement - neither under the shareholders agreement dated 2 May 2019 (the "SHA") nor in his capacity as shareholder of Carlisle Management Company S.C.A. - to participate in any meeting of the board

of managers of the General Partner of Carlisle Management Company S.C.A. He may therefore not participate at today's board meeting. As mentioned in our letter dated 23 November 2020, we would like to remind you that Phil has agreed under article 5.1 (c) of the SHA not to participate in or interfere with the management of Carlisle Management Company S.C.A.

Phil is welcome to address any questions he may have regarding the management of Carlisle Management Company S.C.A., which we will be pleased to answer. Please note that this right to ask question relates only to management acts of Carlisle Management Company S.C.A. and does not extend to any activities of the investment funds for which Carlisle Management Company S.C.A. has been appointed as management company / alternative investment fund manager. Such information is not covered by the information rights under Article 5.8 of the SHA and will not be made available. We would also like to point out that no general inspection right to the books of Carlisle Investment Company S.C.A. can be derived from Article 5.8 of the SHA, but merely a right to "access to the business premises", which has been suspended due to the current health situation.

Kind regards,

Tim

---

**From:** LeVine, Richard [mailto:Richard.LeVine@withersworldwide.com]
**Sent:** 24 November 2020 3:08 AM
**To:** Tim Mol <TMol@cmclux.com>; Jose Garcia <JGarcia@cmclux.com>
**Cc:** Phil Neuman <phil@carlislemc.com>; Phil Neuman <pneuman@carlislemc.com>; Edward Griffith <eg@thegriffithfirm.com>; 'Zachary Marans' <zmarans@mhavencap.com>; Torsten SCHMITT <torsten.schmitt@tsp.law>; 'Sabine BRANDES' <sabine.brandes@tsp.law>; Nicolas RONZEL <nicolas.ronzel@tsp.law>
**Subject:** RE: Notice of Inspection [W-US.FID650162]

Tim and Jose,

Phil and I were surprised and disappointed to receive your letter today responding to my November 18, 2020 email. Phil will not tolerate any further delay in production of documents to which he is contractually entitled. Please note the following:

- Your assurance that "all documentation made available to the Co-Investor … will be made available to [Phil] and [his] lawyers either by email or electronically" is inadequate. The time for such assurances has passed. You were obligated to provide this information to Phil regularly over the last two years. I have been asking for it for weeks. The documentation must be produced immediately.
- While the Co-Investor may not have required the Company to produce all of the information set forth in Section 5.8 of the Shareholders' Agreement, that fact is irrelevant to Phil's information rights. He is entitled to all of the information set forth in Section 5.8 regardless of whether such information was produced to the Co-Investor. That information includes, *inter alia*, "budgets and forecasts of revenues, and expenses for the Company" as well as "monthly update[s] on assets under advisory of the Company" and prompt notification of any event "that may materially affect the Company."
- Phil also has the right to inspect the Company's books and records and intends to do so virtually on November 30, 2020. Please confirm that you will allow the remote inspection to take place.

Phil also rejects your assertion that certain books and records, including "information regarding the

underlying policies / life expectancies[,] is restricted under data privacy rules by which the Company is bound" and/or "various confidentiality obligations." No such restrictions were placed on the information rights set forth in Section 5.8 of the Shareholders Agreement. Phil is certainly willing to execute appropriate confidentiality agreements, just as Company directors and officers must do to obtain access to such restricted information.

The Company's breach of its obligations to keep Phil informed suggests that you are concealing material acts of mismanagement, which appear to have resulted in an impending liquidity crisis in the LTGF and a serious loss of investor confidence. Phil understands that a special board meeting has been scheduled for tomorrow, Tuesday, November 24, 2020, to discuss these urgent issues. Phil was entitled to prompt notification of the both the liquidity problem as well as the loss of investor confidence, since they constitute events that "may materially affect the Company." Phil therefore demands to participate in tomorrow's board meeting. Please provide instructions for Phil to connect to the meeting. Phil also demands immediate production of all notices, reports, and correspondence relating to the liquidity issues and investor confidence provided to the Co-Investor, including but not limited to the agenda for tomorrow's meeting and any strategies being considered to address these issues.

Your assertion that the Company did not borrow $240 million appears to be a bad faith effort to conceal acts of mismanagement. Of course, Carlisle Management Company would not be the vehicle used for a loan to finance LTGF redemptions. Phil has received reliable information that you arranged for such a loan, which may have contributed to the current liquidity crisis depending on the use of the proceeds.

Please respond to this email tomorrow morning European time, including instructions for Phil to participate in tomorrow's board meeting. Phil reserves all his rights. If necessary, he will seek judicial intervention to enforce his rights and protect the Company from further mismanagement.

**Richard LeVine**
Of Counsel
Wealth Planning & Tax
t +1 203 974 0317 c +1 203 376 8798 f +1 203 285 1617
withersworldwide.com | my profile

Secretary: Karolyn DeGrand t +1 203 974 0379

Withers Bergman LLP
157 Church Street, 12th Floor, New Haven, Connecticut 06510-2100

Withers, as a global firm, is employing business continuity practices to deliver effective client service around the world safely,
whether through our offices or remotely. For more information on how we can help, please click on the banner below.




**From:** Tim Mol [mailto:TMol@cmclux.com]

**Sent:** Monday, November 23, 2020 4:31 PM
**To:** LeVine, Richard ; Jose Garcia
**Cc:** Phil Neuman ; Phil Neuman ; Edward Griffith ; 'Zachary Marans' ; Torsten SCHMITT ; 'Sabine BRANDES' ; Nicolas RONZEL
**Subject:** RE: Notice of Inspection [W-US.FID650162]

Please see attached.

---

**From:** LeVine, Richard [mailto:Richard.LeVine@withersworldwide.com]
**Sent:** 18 November 2020 11:49 PM
**To:** Jose Garcia <JGarcia@cmclux.com>; Tim Mol <TMol@cmclux.com>
**Cc:** Phil Neuman <phil@carlislemc.com>; Phil Neuman <pneuman@carlislemc.com>; Edward Griffith <eg@thegriffithfirm.com>; Michel Jimenez <jimenezlunz@sjl-legal.com>; Iulia Gay <gay@sjl-legal.com>; Charline Dubas <dubas@sjl-legal.com>
**Subject:** RE: Notice of Inspection [W-US.FID650162]

Dear Tim and Jose,

Thank you for your November 17, 2020 letter to Phil, which responded to my November 13, 2020 email scheduling an inspection of the Company's books and records for November 19, 2020. Phil agrees that the Company should take all appropriate measures to prevent the spread of COVID-19. A virtual inspection of the records is certainly acceptable, and we appreciate your participation during the inspection to answer any questions that arise.

In the meantime, you may have overlooked the second information request set forth in my November 13, 2020 email: copies of all reports, forecasts, analyses, emails, texts, correspondence and other information provided to the co-investor since January 29, 2019. Although Phil was entitled to that information at the same time it was provided to the co-investor, the company did not provide it to him. Phil therefore repeats his demand for all such information, including, but not limited to, documents reflecting the company's recent $240 million loan, the use of those loan proceeds, and all correspondence with the co-investor regarding the loan. As Tim knows, Phil has been requesting information regarding that loan since he learned of its existence several weeks ago, but he has yet to receive a response.

In addition, the virtual inspection of the Company's books and records will proceed more efficiently if Phil can review the following information in advance:

- Complete data tape of all policies and all life expectancies.
- Detailed information on all investors in the funds.
- All documentation on any loans made to or from the Company, including, but not limited to, the above-referenced information on the recent $240 million loan.
- All documentation reflecting the use of any loan proceeds.

Phil requests this information be produced via dropbox link by next Monday, November 23, 2020, to be followed by the virtual inspection of books and records one week later, on November 30, 2020. Please let us know if the Company can comply with this proposed schedule and, if not, propose alternate dates for the document production and the virtual inspection.

Best regards,

**Richard LeVine**
Of Counsel
Wealth Planning & Tax
t +1 203 974 0317 c +1 203 376 8798 f +1 203 285 1617
withersworldwide.com | my profile

Secretary: Karolyn DeGrand t +1 203 974 0379

Withers Bergman LLP
157 Church Street, 12th Floor, New Haven, Connecticut 06510-2100

Withers, as a global firm, is employing business continuity practices to deliver effective client service around the world safely,
whether through our offices or remotely. For more information on how we can help, please click on the banner below.




---

**Withers Bergman LLP** - 157 Church Street, 12th Floor, New Haven, CT 06510-2100 T: +1 203 789 1320 F: +1 203 785 8127

Withersworldwide
New Haven, New York, Greenwich, Los Angeles, Rancho Santa Fe, San Diego, San Francisco, London, Cambridge, Geneva, Milan,
Padua, Hong Kong, Singapore, Tokyo, British Virgin Islands, Sydney

This email (and any attachments) is confidential and may also be legally privileged. If you are not the intended recipient please immediately notify the sender then delete it from your system. You should not copy it or use it for any purpose nor disclose its contents to any other person.