**From:** Luxembourg Consular <LuxembourgConsular@state.gov>
**Date:** January 26, 2021 at 8:28:33 AM EST
**To:** Edward Griffith <eg@thegriffithfirm.com>, Luxembourg Consular <LuxembourgConsular@state.gov>
**Subject: RE: Error on Website as to Luxembourg's Agreement to Service by Mail under Article 10 of The Hague Service Convention**

Dear Mr. Griffith,

Thank you for your message and for alerting us to the mistake on the travel.state.gov website. We forwarded your email to our colleagues in Washington, and have been advised that this error will be corrected. Further, our colleagues recommend that for the most up-to-date and accurate information concerning the operations of the Hague Conventions you should always refer first to HCCH.net.

We hope this information is helpful to you.

Sincerely,

Consular Section
U.S. Embassy
22, Emmanuel Servais
L-2535 Luxembourg

**From:** Edward Griffith <eg@thegriffithfirm.com>
**Sent:** Tuesday, January 26, 2021 3:33 AM
**To:** Luxembourg Consular <LuxembourgConsular@state.gov>
**Subject:** Error on Website as to Luxembourg's Agreement to Service by Mail under Article 10 of The Hague Service Convention

Hi U.S. Embassy/Consular Luxembourg,

I am a New York attorney attempting to effect service of process on individuals and companies in Luxembourg. I believe the state department website contains an error as to whether Luxembourg has objected to service by mail under Article 10 of the Hague Service Convention. The website states that Luxembourg does object:

> In its Declarations and Reservations on the Hague Service Convention, Luxembourg formally objected to service under Article 10, and does not permit service via postal channels.. Any other methods of service, including attempts at service by mail, are considered ineffective in Luxembourg and an affront to its judicial sovereignty.

https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Luxembourg.html.

But although Luxembourg opposed service by mail when it became a signatory to the Convention effective November 7, 1975, it withdrew that objection by note dated June 2, 1978. *See*, *e.g.*, Hague Conference on Private International Law ("HCCH"), Hague Service Convention, Luxembourg Declarations, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=411&disp=resdn ("Luxembourg communicated the withdrawal of this declaration [objecting to Article 10(a) service by mail] by a Note dated 2 June 1978"); U.S. Marshals Service, Service of Process, Hague Service Conbention, https://www.usmarshals.gov/process/hague_service.htm, at n. 11 ("Luxembourg communicated the withdrawal of its declaration opposing service through postal channels in accordance with Article 10(a) of the Convention in a Note to the Government of the Netherlands dated June 2, 1978."); *Calix v. Alfa Consult, S.A.*, 2015 WL 3902918 (N.D. Cal. June 24, 2015) ("at the time of service [2015], Luxembourg was not opposed to service by postal channels.").

Could you please confirm that your website is in error and take steps to modify it to indicate that Luxembourg withdrew its objection to service by mail 22 years ago? The error raises unnecessarily doubt as to this important issue, especially during the COVID-19 pandemic.

Best regards,

Edward Griffith

THE GRIFFITH FIRM
45 Broadway, Suite 2200
New York, New York 10006
(646) 645-3784 (mobile)