# THE GRIFFITH FIRM

45 BROADWAY • SUITE 2200

NEW YORK, NEW YORK 10006

(212) 363-3780

DIRECT LINE: (212) 363-3784 TELECOPIER: (212) 363-3790

EMAIL: EG@THEGRIFFITHFIRM.COM URL: HTTP://WWW.THEGRIFFITHFIRM.COM


January 27, 2021

**VIA ECF**

Hon. P. Kevin Castel, U.S.D.J.
United States District Court for the
Southern District of New York
500 Pearl Street, Courtroom 11D
New York, New York 10007

*Re: Neuman v. Garcia, et al., Case No. 1:20-cv-10723-PKC*

Dear Judge Castel:

I represent Plaintiff Phil Neuman in this lawsuit. This letter responds to the January 21, 2021 pre-motion letter filed by Defendant Pillo Portsmouth Holding Company, LLC ("Pillo Portsmouth"), which seeks leave to file a motion to dismiss. Mr. Neuman does not oppose the letter's request to allow all defendants to file motions to dismiss under a common briefing schedule and he proposes such a schedule based on the assumption that all defendants have, or will be served, by January 29, 2021. *See*, *infra*, at § I. But Mr. Neuman disagrees with the alleged factual and legal basis of the proposed motion to dismiss. *See*, *infra*, at § II.

The pre-motion letter also asserts that the five Luxembourg Defendants,[1] who are represented by Pillo Portsmouth's counsel, have not yet been served. Pre-Motion Letter at 8 ("it is not clear whether and when Plaintiff's service will be effectuated"). Based on that assertion, the pre-motion letter effectively seeks an indefinite stay of this action until

> 20 days [after] a determination by the Court that all defendants have been properly served.

*Id*.

Thus, Pillo Portsmouth anticipates extended motion practice over "whether and when" the Luxembourg Defendants have been served. In their opposition to Mr. Neuman's motion by Order to Show Cause for email service under Rule 4(f)(3), the Luxembourg Defendants mistakenly assert that they must be served through Luxembourg's Central Authority under Article V of the Hague Service Convention. Opp. Mem. (Doc. 40) at 3. That would delay this action "for six to eight months." *GLG Live Tech Corp. Securities Litigation*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (relied

[1] The Luxembourg Defendants are Jose Garcia, Tim Mol, Victor Heggelman, Pillo Financial Consulting Corp. and Carlisle Investment Group, S.à r.l. Order to Show Cause (Doc. 35) at p. 1.

on by the Luxembourg Defendants, at Opp. Mem. (Doc. 40), pp. 7-8). And when the Court finally resolves the service motions and determines that the Luxembourg Defendants have been served, their only obligation under Pillo Portsmouth's proposal is to file their own pre-motion letters, Pre-Motion Letter at 8, resulting in an even further delay of this Court's consideration of the anticipated motions to dismiss.

Mr. Neuman disagrees with these assertions and the proposed indefinite stay. The Luxembourg Defendants acknowledge that they "have knowledge of this lawsuit," Opp. Mem. (Doc. 40) at 6. They have retained counsel who has appeared on their behalf. Notice of Appearance (Doc. 43). In fact, they have already been served under Rule 4(f)(2)(C)(ii) when the court clerk served them by federal express. Sup. Mem. (Doc. 33) at § I. Their only motivation to challenge that service is to delay or avoid addressing Mr. Neuman's claims, which belies their assertion that those claims lack merit. To avoid their challenge to service, the Court should authorize email service under Rule 4(f)(3), which is necessary to avoid unnecessary motion practice or delays over service issues. *Id*. at § II; Reply Mem. (Doc. 44) at § III.

Mr. Neuman's proposed briefing schedule set forth, *infra*, at § I, is premised on the Court granting his motion for email service under Rule 4(f)(3). If that motion is not granted, and the Luxembourg Defendants challenge service under Rule 4(f)(2)(C)(ii), Mr. Neuman opposes the request for an indefinite stay and a common briefing schedule. In that case, the two defendants who have acknowledged they have been served, Pillo Portsmouth and Carlisle Acquisition Vehicle, LLC ("CAV"), should file their motions to dismiss or otherwise respond by February 19, 2021, the Court's current deadline for all defendants to respond to the Amended Complaint.

**I. Proposed Briefing Schedule.**

Mr. Neuman disagrees with the alleged factual and legal basis for Pillo Portsmouth's motion to dismiss. *See*, *infra*, at § II. He nevertheless proposes to file a Second Amended Complaint that addresses certain of those allegations, such as the allegation that the fraud allegations are not pled with sufficient particularity. If the Court grants Mr. Neuman's motion for email service under Rule 4(f)(3), Mr. Neuman proposes the following schedule:

| Due Date | Event |
|---|---|
| February 5, 2021 | The Luxembourg Defendants and CAV supplement Pillo Portsmouth's pre-motion letter with any additional grounds to dismiss the First Amended Complaint. |
| February 12, 2021 | Mr. Neuman files the Second Amended Complaint. |
| March 5, 2021 | Defendants answer or file motions to dismiss the Second Amended Complaint. |

| | |
|---|---|
| March 26, 2021 | Mr. Neuman files his opposition to the motions to dismiss. |
| April 2, 2021 | Defendants file reply papers in further support of their motions to dismiss. |

While this schedule extends the Court's current deadline for all defendants to respond to Mr. Neuman's claims by two weeks, it allows all defendants a full 21 days to file their motions to dismiss after Mr. Neuman files his Second Amended Complaint. The proposed schedule is also consistent with the Court's Individual Practices regarding motions to dismiss in that it gives all defendants an opportunity to set forth any grounds for dismissal do Mr. Neuman can address them in an amended pleading. *See* Individual Practices, § 3(A)(iv). And this proposed schedule will allow the Court to resolve the defendants' motions to dismiss many months earlier than defendants' proposal.

**II. Defendants' Proposed Motions to Dismiss Lack Merit.**

Pillo Portsmouth asserts that Mr. Neuman's claims must be dismissed based on *forum non conveniences*, lack of personal jurisdiction, failure to plead fraud with particularity, the statute of limitations, and the unavailability of replevin. Pre-motion letter at 4-8. Each of those grounds lack merit. The core allegation in this action is that Defendant Pillo Financial Consulting Corp. ("Pillo Financial") breached its contractual obligation under an April 2010 agreement to transfer a beneficial 50% ownership interest in Carlisle Investment Group, S.à r.l. ("Carlisle Investment") to Mr. Neuman and, thereafter, wrongfully transferred Mr. Neuman's 50% beneficial interest to Pillo Portsmouth without Mr. Neuman's knowledge or consent. The Defendants subsequently conspired to fraudulent conceal the transfer of Mr. Neuman's beneficial interest in Carlisle Investment to Pillo Portsmouth, which prevented him from learning of the transfer until late 2020.

The Share Sale and Purchase Agreement that imposes that contractual obligation on Pillo Financial expressly selects New York as the exclusive jurisdiction to resolve any disputes and expressly chooses New York to govern such disputes. *See* April 9, 2010 Share Sale and Purchase Agreement (FAC, Exhibit 4) (Doc. 23-4). While Pillo Portsmouth asserts that an April 27, 2012 agreement supersedes those prior agreements, the April 27, 2012 agreement is expressly limited to Mr. Neuman's interest in another company, Carlisle Management Company, S.C.A., and does not affect his interest in Carlisle Investment. Indeed, the provision of the April 27, 2012 agreement on which Pillo Portsmouth relies asserts that "prior agreements between [Neuman] and [Garcia] are hereby superseded." April 27, 2012 agreement (FAC, Exhibit 6) (Doc. 23-6). The April 9, 2010 Share and Purchase Agreement under which Mr. Neuman acquired his ownership interest in Carlisle Investment, however, is between Pillo Financial and Mr. Neuman, not Garcia and Mr. Neuman. The April 27, 2012 agreement therefore does not supersede that April 9, 2010 agreement since Garcia is not even a party to that agreement.

These facts establish that defendants' anticipated motions to dismiss lack merit. Because the core agreements contain forum selection and choice of law provisions for New York courts and New York law, respectively, a motion to dismiss based on *forum conveniens* will be denied except in an exceptional case. *Atlantic Marine Construction v. Western District of Texas*, 571 U.S. 49, 51 (2013). This is not an exceptional case.

This Court also has personal jurisdiction over the defendants. Each of the defendants, with the possible exception of CAV, made fraudulent statements and omissions to Mr. Neuman, either when they were physically present in New York or when Mr. Neuman was physically present in New York.

The First Amended Complaint pleads those fraudulent statements and omissions with the heightened specificity required under Rule 9(b). Nevertheless, Mr. Neuman proposes to plead those allegations with even more specificity in a Second Amended Complaint.

The defense based on the statute of limitations fails because Mr. Neuman did not learn that his ownership interest in Carlisle Investment was transferred to Pillo Portsmouth until late 2020 due to defendants' fraudulent representations.

Finally, Mr. Neuman has not yet had time to consider Pillo Portsmouth's assertion that his claim for Replevin fails. He will consider that assertion and either drop, modify or retain that claim in his Second Amended Complaint.

**CONCUSION**

The Court should allow all defendants to file motions to dismiss pursuant to the briefing schedule set forth, supra, at § I.
I.

Sincerely,

*/s/ Edward Griffith*

Edward Griffith

EG:gb
Enclosure
cc: James H. Hulme, Esq. (via email)
Jule Rousseau, Esq. (via ECF)
Leonardo Trivigno, Esq. (via ECF)