STOCK TRANSFER AGREEMENT

This Stock Transfer Agreement (the "Agreement") is made as of April , 2010 by and between Jose Garcia, an individual, (hereinafter referred to as "Garcia"), Philip Neuman, an individual, (hereinafter referred to as "Neuman"), and Pillo Financial Consulting Corp, a corporation duly organized and existing under the District of Columbia Business Corporation Act (hereinafter referred to as "Pillo"), Garcia, Neuman and Pillo are hereinafter at times collectively referred to as the "Parties".

Recitals

A. Garcia is the owner of all outstanding shares of, and the sole director and officer of, Pillo.

B. Pillo is the owner of all outstanding shares of the Carlisle Investment Group S.à r.l., a *société à responsabilité limitée*, organised and existing under the laws of Luxembourg, with registered office at 9, rue Sainte Zithe, L-2763 Luxembourg (hereinafter referred to as the "Carlisle").

C. In November 2009, Garcia and Neuman entered into an agreement (hereinafter the "Carlisle Agreement") under which Neuman or his designee would acquire from Garcia and Pillo fifty percent (50%) of all outstanding shares of Carlisle subject to certain terms and conditions stated in the Carlisle Agreement.

D. The transfer of Carlisle shares required by the Carlisle Agreement has yet to be completed and remains subject to certain government approvals under the laws of Luxembourg.

E. Pending completion of the transfer of Carlisle shares required by the Carlisle Agreement, the parties have agreed that fifty percent (50%) of any and all outstanding share(s) of Pillo will be transferred by Garcia to Neuman to be held by Neuman pending completion of the transfer of Carlisle shares required by the Carlisle Agreement, which shares shall be transferred back to Garcia upon completion of the transfer of Carlisle shares required by the Carlisle Agreement.

**IT IS THEREFORE AGREED AS FOLLOWS:**

1. Transfer of Pillo Shares by Garcia to Neuman

For one dollar and other valuable consideration, receipt of which is hereby acknowledged, and effective upon execution of this Agreement, Garcia hereby transfers to Neuman fifty percent (50%) of any and all outstanding shares of Pillo, and all rights and obligations attached thereto, including the right to dividends or other distributions. Neuman does acquire said shares from Garcia free and clear of all rights, claims, claims, attachments, liens, charges, guarantees, pledges, options or other restrictions or third party rights of any nature whatsoever. Garcia and Pillo shall forthwith register the transfer of said shares in the company register and take all steps necessary to effectuate the transfer under any and all applicable laws.

2. Transfer of Pillo Shares by Neuman Back to Garcia.

Upon completion of the transfer of Carlisle shares required by the Carlisle Agreement, Neuman shall transfer back to Garcia any and all outstanding shares of Pillo which he then holds pursuant to this Agreement, and all rights and obligations attached thereto, including the right to dividends or other distributions. Garcia shall then acquire said shares from Neuman free and clear of all rights, claims, claims, attachments, liens, charges, guarantees, pledges, options or other restrictions or third party rights of any nature whatsoever. Garcia, Neuman and Pillo shall then register the transfer of said shares in the company register and take all steps necessary to effectuate the transfer under any and all applicable laws.

3. No Issuance of New Shares or Transfer of Assets

After the effective date of this agreement and unless and until the transfer of shares back to Garcia as described in Section 2 hereinabove, no new shares of Pillo shall be issued, and no assets or property of Pillo including its shares of Carlisle will be transferred, assigned, sold or encumbered, without the written consent of both Neuman and Garcia.

4. Approval by Pillo

Pillo, by and though its sole officer, director and shareholder, Garcia, approves of and consents to the transfers of shares described in paragraphs 1 and 2 hereinabove.

4. Representations by Garcia

Garcia represents and warrants (1) that Pillo is the owner of all outstanding shares of Carlisle, (2) that he is the sole owner of all outstanding shares of Pillo, (3) that he owns and holds all outstanding shares of Pillo free and clear of all rights, claims, claims, attachments, liens, charges, guarantees, pledges, options or other restrictions or third party rights of any nature whatsoever, (4) that he is the sole director and officer of Pillo, (5) that Pillo in good standing with, and has complied with corporate formaltities of, the District of Columbia, (6) that Pillo has no pending suits or claims and has no outstanding contractual obligations or liabilities, (7) that he is unaware of any threatened, possible and/or potential claims against Pillo or of any acts, events and/or other circumstances that could give rise to suits or claims against Pillo or to contractual obligations or other liabilities of Pillo, (8) that he has all corporate power and authority to enter into this Agreement and to transfer full legal ownership of the shares of Pillo to Neuman in accordance with this Agreement, (9) that the execution and delivery of this Agreement has been duly authorized by the proper corporate bodies and it constitutes a legally binding obligation of Garcia in accordance with its terms; and, (10) that the shares transferred by Garcia to Neuman under this Agreement are fully paid up and fully transferable.

5. Governing Law and Jurisdiction

This Agreement, and the rights, obligations and liabilities of each of the Parties hereunder, shall be governed by the laws of the state of New York, to the exclusion of its rules of

conflict of laws, and except as otherwise agreed in writing by the Parties, any claims, disputes or disagreements arising under or in connection with this Agreement and any subsequent amendment thereof, including, without limitation, all controversies which may arise between each of the Parties concerning any transaction pursuant to this Agreement, the construction, performance or breach of this Agreement, shall be brought by any of the Parties in the state of federal courts of the state of New York, and each of the Parties hereby submits to the exclusive jurisdiction of such courts in any such actions or proceeding and waives any objection to the jurisdiction or venue of such courts.

6. Costs

Each of the Parties to this Agreement shall bear its own costs, charges and other expenses of whatever nature whether relating to the negotiation or the preparation or the performance of this Agreement.

7. Waiver

The non-exercise by a party to this Agreement shall not in any manner be interpreted as a waiver thereof and shall not in any manner affect the right of that Party to exercise such right or of any other rights.

8. Severability

In the event that any clause of this Agreement becomes void, unenforceable, illegal or inapplicable, the validity, legality and enforceability of the other terms of this Agreement shall not be affected nor shall one of the Parties be released from the performance of this Agreement. In any such event, the Parties will substitute a valid clause in the place of the invalid clause in the spirit and to the effect of the latter.

9. Additional Acts

Each of the Parties hereto shall deliver such further documents and agreements, and take such further actions as may be necessary and appropriate to carry out the purposes and intent of this Agreement.

10. Amendment

This Agreement may be amended or modified in writing only, signed by the Parties to be charged or bound by such amendment or modification.

11. Integration; No Representations

This Agreement constitutes the final, complete and exclusive agreement and understanding between and among the Parties, and supersedes all prior or contemporaneous written or oral agreements. The Parties each acknowledge that there are no representations, warranties, agreements, arrangements or understandings other than as expressly contained in this Agreement.

**IN WITNESS WHEREOF**, the Parties hereto have duly executed this Agreement or have caused it to be duly executed as of the date first set forth above.

Philip Neuman

Jose Garcia

Pillo Financial Consulting Corp
By: Jose Garcia, Office and Director