# THE GRIFFITH FIRM

45 BROADWAY • SUITE 2200
NEW YORK, NEW YORK 10006
(212) 363-3780

DIRECT LINE: (212) 363-3784 TELECOPIER: (212) 363-3790
EMAIL: EG@THEGRIFFITHFIRM.COM URL: HTTP://WWW.THEGRIFFITHFIRM.COM

October 21, 2021

**VIA ECF**

Hon. P. Kevin Castel, U.S.D.J.
United States District Court for the
Southern District of New York
500 Pearl Street, Courtroom 11D
New York, New York 10007

*Re: Neuman v. Garcia, et al., Case No. 1:20-cv-10723-PKC*

Dear Judge Castel:

Plaintiff Phil Neuman submits this Pre-Motion letter pursuant to Rule 3.A of your Individual Practices to set forth the factual and legal basis for a motion for sanctions he intends to file based on defendants' bad faith participation in a mediation held on October 4, 2021 at the JAMS Washington, D.C. office. There is no conference currently scheduled because the briefing schedule for defendants' anticipated motion to dismiss has been postponed three times pending the parties' mediation. Defendants' motion to dismiss is currently due on November 5, 2021. *See* September 15, 2021 Order (Doc. 63).

## I. Factual Basis for the Motion for Sanctions.

Defendants' Pre-Motion Letter for their anticipated motion to dismiss and Mr. Neuman's response were discussed at the May 14, 2021 conference. The Court set a briefing schedule, beginning with the filing of the motion to dismiss on June 4, 2021. The Court also suggested that the parties consider private mediation to resolve this lawsuit and related Luxembourg litigation, directing them to "report to the Court in writing by May 21, 2021 as to their efforts to retain a private mediator." May 14, 2021 Minute Order.

On May 21, 2021, the parties filed a Joint Status Report stating that they had agreed to JAMS mediation and requesting a suspension of the briefing schedule. Status Report (Doc. 58). On May 27, 2021, you ordered that the "[t]ime to file motion to dismiss extended to August 6, 2021." Memo Endorsement (Doc. 59). On July 12, 2021 and September 15, 2021, the parties filed Letter Motions seeking further modifications to the briefing schedule to allow additional time to schedule and complete the mediation. Letter Motions (Docs. 60, 63). You granted both requests. *See* Endorsed Orders (Docs. 61, 64).

On October 4, 2021, the mediation took place before Hon. Allyson K. Duncan, who had previously served for 15 years on the United States Court of Appeals for the Fourth Circuit and one year on the North Carolina Court of Appeals. Mr. Neuman, his Luxembourg counsel, Joram Moyal, and I travelled to Washington to participate in person. Defendant Jose Garcia, who also represented the corporate defendants, attended remotely as did his New York counsel. The two other individual defendants, Tim Mol and Victor Heggelmann, and defendants' Luxembourg counsel did not participate.

The mediation began on time at 9:30 a.m. Unbeknownst to Mr. Neuman and his counsel, however, Garcia's Luxembourg counsel was filing a new multi-million-dollar lawsuit against Mr. Neuman at approximately the same time. Defendants failed to provide Mr. Neuman with any advance notice of this new lawsuit, even though they knew he and his counsel intended to spend a substantial amount of time and resources to attend the mediation in person.

The mediation was therefore a waste of time. We had no knowledge of the new lawsuit or defendants' settlement position until the mediation resumed after lunch. One hour into the afternoon session, Judge Duncan conveyed defendants' first settlement position and explained that it was based on a new Luxembourg lawsuit. Because we had no prior knowledge of that lawsuit or its claims, there was no point in continuing the mediation. Mr. Neuman's Luxembourg counsel was served with the new lawsuit when he returned to Luxembourg on October 5, 2021.

On October 13, 2021, I sent a letter to Garcia's New York counsel conveying Mr. Neuman's demand for reimbursement for his legal fees and expenses for attending the mediation, which are itemized in an attachment. That letter, which is annexed hereto as Exhibit 1, requested a response by Monday, October 18, 2021.

Three days have now elapsed since the requested response date, and I have still not received a response. Mr. Neuman therefore intends to file a motion for sanctions based on Garcia's failure to notify him of the new Luxembourg lawsuit before the mediation.

## II. Legal Basis for the Motion for Sanctions.

The Court may impose sanctions against a party pursuant to the Court's inherent authority to manage the cases before it. *See, e.g., Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005); *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000); *Fisher v. Smithkline Beecham Corp.*, 2008 WL 4501860, at *4 (W.D.N.Y. Sept. 29, 2008) (district courts have inherent power to award attorneys' fees when a party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.") (quoting *Agee v. Paramount Communications Inc.*, 114 F.3d 395, 398 (2d Cir.1997) (quoting Sierra *Club v. U.S. Army Corps of Engineers*, 776 F.2d 383, 390 (2d Cir.1985)). *Accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (holding that a court's inherent power to sanction is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve orderly and expeditious disposition of cases").

Courts have exercised that authority where, as here, a party fails to participate in mediation in good faith by engaging in conduct that precludes any reasonable prospect that the mediation might succeed. *See*, *e.g.*, *Fisher*, 2008 WL 4501860; *Francis v. Women's Obstetrics & Gynecology Group, P.C.*, 144 F.R.D. 646 (W.D.N.Y. 1992).

In *Fisher*, the defendant filed a summary judgment motion alleging that plaintiff's product liability claims were time barred on the day before a mediation that took place in Buffalo, where the plaintiffs and their travel had to travel to attend. After the mediation, the plaintiff moved for sanctions, alleging:

> [The Defendant and its counsel] demonstrated bad faith by failing to advise Plaintiff, prior to filing Defendant's summary judgment motion after [plaintiffs' counsel] had commenced her trip to Buffalo … [and] … Defendant's participation was limited to offering $ 1,000 to settle the matter, until and unless Plaintiffs first demonstrated why their claims are not time-barred under the applicable statute of limitations as asserted by Defendant's Summary Judgment Motion.

*Fisher*, at *3.

The United States District Court for the Western District of New York granted the motion and awarded plaintiffs their legal fees and expenses incurred to attend the mediation, holding:

> Accordingly, Defendant's failure to timely advise Plaintiffs of the summary judgment motion Defendant intended to file caused Plaintiffs to unnecessarily incur expenses for no good reason.

*Id*. at *7.

Similarly, in *Francis*, defense counsel in a medical malpractice case raised for the first time at the settlement conference the issue of insurance coverage, "us[ing] that as a basis for not being in a position to make an offer." 144 F.R.D. at 648. The District Judge questioned why the mediator, the Court, and plaintiffs' counsel (who had traveled from Washington, D.C. to Rochester, New York), had not been notified of this critical issue before the conference, "so that the matter could have been rescheduled without inconveniencing and causing expenses to both the mediator and plaintiffs." *Id*. at 649. The District Judge admonished: "Such a cavalier attitude about the settlement conference and its requirements cannot be countenanced." *Id*.

Here, Garcia's conduct was even more egregious than the defendants' conduct in *Fischer* and *Francis*. Knowing that Mr. Neuman would incur tens of thousands of dollars in legal fees and travel expenses for his New York and Luxembourg counsel to attend a mediation in Washington,

D.C., he intentionally failed to disclose that he intended to file a multi-million-dollar lawsuit against Mr. Neuman on the day of the mediation and base defendants' settlement position on that lawsuit. The mediation was therefore bound to fail and Mr. Neuman's fees and expenses were totally unnecessary.

Garcia's conduct is also worse because this lawsuit has been stalled for six months because he falsely represented that he would participate in mediation in good faith. While the Court suggested that the parties consider mediation, Garcia was under no obligation to agree. In fact, Mr. Neuman was surprised that defendants agreed because they had rejected his efforts to negotiate a pre-litigation settlement. Garcia's conduct establishes that he never intended to participate in the mediation in good faith, but instead used it as a delaying tactic, just as defendants' efforts to evade service at the commencement of this lawsuit.

* * *

Accordingly, Mr. Neuman seeks permission to file a motion for sanctions seeking reimbursement of his legal fees and expenses incurred in attending the mediation.

Mr. Neuman proposes the following briefing schedule:

| | |
|---|---|
| Motion papers due: | November 5, 2021 |
| Opposition papers due: | November 19, 2021 |
| Reply papers due: | November 29, 2021 |

Thank you for considering this matter.

Sincerely,

*/s/ Edward Griffith*

Edward Griffith

EG:gb
attachment
cc: James H. Hulme, Esq.
Jule Rousseau, Esq.