Arent Fox

Arent Fox LLP / Attorneys at Law
Boston / Los Angeles / New York / San Francisco / Washington, DC

October 27, 2021

**James H. Hulme**
Partner
202.857.6144 DIRECT
202.857.6395 FAX
james.hulme@arentfox.com

VIA ECF

Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10017-1312

Re: *Neuman v. Garcia, et al.*, Case No.1:20-cv-10723 (PKC)

Dear Judge Castel:

I write in response to the October 21, 2021 letter to the Court from plaintiff Phil Neuman's lawyer, Ed Griffith (the "Letter," Dkt. 64), in which he seeks "permission to file a motion for sanctions seeking reimbursement of his legal fees and expenses incurred in attending the mediation" that the parties and their counsel participated in on October 4 (the "Mediation"). The motion Neuman seeks permission to file (the "Motion") would be a frivolous tactic and a waste of the Court's time, in a case that is *itself* a waste of this Court's time, for reasons stated in our April 16, 2021 pre-motion letter. Because we take allegations of bad faith seriously (even those unseriously made), and because this is our first opportunity to alert the Court to the history, character, and tactics of Mr. Neuman and his counsel, this letter is a comprehensive rebuttal of the Letter's baseless charges.

By way of background, it is important that the Court understand the context in which the Mediation took place. In January 2021 – a few weeks after he filed the first of three Complaints in this action – Neuman filed a lawsuit in Luxembourg concerning Neuman's alleged ownership interests in Carlisle Management Company S.C.A. ("Carlisle S.C.A.").[1] Carlisle S.C.A. is being represented in that case (and in all the Luxembourg litigation) by the Luxembourg law firm of Arendt & Medernach. Earlier this month, Jose Garcia and Pillo Portsmouth Holding Company LLC – both of whom are defendants here – commenced a countersuit, filed by Arendt & Medernach, against Neuman in the Luxembourg District Court.[2] The Luxembourg Action alleges

---

[1] Carlisle Management Company ("Carlisle") is an investment management firm. It is structured as a general partnership: Carlisle S.C.A., which is not a party to this action, is the partnership; Carlisle Investment Group, S.à.r.l., which is a party here, is the general partner.

[2] A copy of the Complaint from the Luxembourg Action, with an English translation, is attached as **Exhibit A**.

that Neuman is a serial fraudster with a long history of abusing the courts, having filed dozens of cases in the United States (most recently this one).[3] The most significant allegation in the Luxembourg Action is that Neuman lied in a sworn statement to the regulator of the Luxembourg financial sector, the CSSF (Commission de Surveillance du Secteur Financier). That statement, a "declaration of honor," was a prerequisite to Neuman becoming a shareholder of Carlisle S.C.A., and Neuman represented in it that he had never filed for bankruptcy. As defendants only discovered this year, Neuman's declaration was false: Neuman filed for personal bankruptcy in 1994. As a result of this lie to a regulator, as well as other misconduct, the Luxembourg Action seeks a judicial declaration that Neuman procured his interest in Carlisle through fraud; that he is not, and should never have been admitted as, an owner of Carlisle; and that he must repay the more than $14 million he has received as a result of that fraudulently-acquired, voidable ownership interest.[4]

The Letter alleges that the defendants participated in the Mediation "in bad faith," because Neuman and his counsel were advised of the Luxembourg Action during the mediation. It further alleges that Mr. Garcia "intentionally failed to disclose that he intended to file [the Luxembourg Lawsuit] on the day of the mediation and base defendants' settlement position on that lawsuit."

---

[3] The description of Neuman as a "serial fraudster" is not Carlisle's. Rather, it was set forth in an opinion by Judge Dolly Gee of the Central District of California when she described the arguments of the litigants in the case: "Neuman is a serial fraudster who takes over and raids companies, then tries to intimidate the victims with litigation." *LUX EAP, LLC v. Bruner*, No. ED CV 17-1359-DMG (SPx), 2021 WL 3508136, at *3 (C.D. Cal. May 10, 2021). In that case – in which Neuman is represented, as he usually is, by Mr. Griffith – Judge Gee entered a $3.1 million judgment against the Neuman entity that filed the suit. *See* Final Judgment, *LUX EAP, LLC v. Bruner*, No. ED CV 17-1359-DMG (SPx) (C.D. Cal. Apr. 8, 2019), Dkt. 154. The Ninth Circuit affirmed. *See LUX EAP, LLC v. Bruner*, 811 F. App'x 405 (9th Cir. 2020). Judge Gee "strongly admonishe[d] [Griffith] for his conduct" in the case, for "practic[ing] law in this matter and effectively [holding] himself out as counsel of record through correspondence with opposing counsel, despite his nonappearance in this action and non-admission to this Court or the State Bar." In Chambers – Order Re Attorney Edward Griffith's *Pro Hac Vice* Status, *LUX EAP, LLC v. Bruner*, No. ED CV 17-1359-DMG (SPx) (C.D. Cal. July 24, 2018), Dkt. 99. If this case proceeds, we intend to file a Request for Judicial Notice concerning Neuman and Griffith's activities in the state and federal courts of the United States.

[4] Neuman's only investment in Carlisle was $20,000. Based on that investment, and without performing any substantive work for Carlisle, Neuman has been paid over $14 million in the past ten years.

It is true that Neuman was advised of filing of the Luxembourg Action the day of the mediation. Virtually everything else the Letter says is false.

First, as noted above, Neuman has long known that there would be litigation in Luxembourg concerning his purported interests in Carlisle and the claims he has raised in this case. Neuman himself ensured that there would be litigation in Luxembourg by filing his own suit there in January 2021, just weeks after starting this case. Having commenced litigation in two countries against Carlisle and its principals – in which he alleges, *inter alia*, a preposterous, convoluted, decade-long conspiracy – Neuman now complains that they have responded with their own suit, which arises from Neuman's many misdeeds and misrepresentations. The defendants have, made clear from the outset that their position is that this dispute can and should be litigated in Luxembourg. (*See* Dkt. 39, 56 (pre-motion letters indicate the defendants' intention to move to dismiss for lack of personal jurisdiction and *forum non conveniens*).) The Letter's suggestions that the Luxembourg Action was unexpected – or that its allegations about Neuman's character and pervasive fraudulent acts came as a surprise – are not credible.

Second, the timing of informing Neuman of the Luxembourg Action is due in large part to Neuman's own actions, namely his repeated substitutions of counsel and refusal to pay them. Since he filed his own Luxembourg case against Carlisle earlier this year, Neuman has repeatedly changed Luxembourg counsel, which made engaging with him in connection with Luxembourg legal matters difficult at best. The chronology is convoluted but important:

- On January 4, 2021, Neuman's counsel **Michel Jiminez** served his Luxembourg Complaint on defendants' Luxembourg counsel at the firm Arendt & Medernach.

- On January 11, another Luxembourg lawyer, **Andreas Komninos**, advised Arendt & Medernach that *he* would be representing Neuman in Luxembourg.

- On June 4, a *third* lawyer, **Thiebault Chevrier**, advised that *he* would be representing Neuman. On September 2, 2021, Mr. Griffith advised JAMS: "Please add Phil's Luxembourg counsel, Thibault Chevrier (tchevrier@cf-avocats.lu), to the service list."

- Arendt & Medernach contacted Mr. Chevrier to inform him of the Luxembourg Lawsuit and send him a copy.[5] Chevrier advised that he could not accept it because he had not been formally retained, since Neuman had not paid his prior lawyer.[6]

- On September 29, in an email to JAMS, Griffith advised that Neuman "has recently changed Luxembourg counsel," that Mr. Chevrier was no longer representing him, and that he had retained yet another Luxembourg lawyer, **Yoram Moyal**. (*See* **Exhibit B**.)

The point of all this is that Arendt & Medernach was diligently trying to determine who was representing Neuman in Luxembourg in order to provide the complaint to his counsel there. His putative counsel at the time, Mr. Chevrier, advised that he was not yet (and, it turned out, never would be) formally representing Neuman. Not until Griffith advised of Mr. Moyal's retention on September 30 was Arendt & Medernach able to serve the new Luxembourg Complaint on Neuman's actual Luxembourg counsel. Arendt & Medernach had neither the intention nor the motive to hold back on filing the new Luxembourg Action. Indeed, Arendt & Medernach was not involved in the mediation or preparations for it; it was solely focused on having the Luxembourg Complaint filed there and served on the officially retained counsel for Neuman. And, on this side of the Atlantic, Arent Fox was not privy to the details and timing of the filing in Luxembourg and did not even have a copy of the filed Luxembourg Complaint until long after the mediation had occurred.

Third, the Letter's alleged motive – that the defendants "used [the Mediation] as a delaying tactic" – is contrary to the record. The Second Amended Complaint was filed on March 12, 2021; on April 16, we filed a pre-motion letter describing a contemplated Motion to Dismiss for lack of personal jurisdiction, *forum non conveniens*, and failure to state a claim. That letter made the defendants' position – that this dispute does not belong in this court – clear, and the defendants have long been ready to brief that position. During the Initial Pretrial Conference on May 14, Your Honor suggested the parties attempt to mediate. We agreed to do so and so advised the Court on May 21.[7] We then spent weeks attempting to move the mediation forward, with virtually no

---

[5] The Luxembourg Action must still be served on Mr. Neuman. Providing his counsel with a copy does not effectuate service but is rather done to provide notice of the suit.

[6] On October 27, 2021, Mr. Jiminez, advised Arendt & Medernach via email that his fees have still not been paid. Thus, neither Mr. Chevrier nor Mr. Moyal have entered their appearance in the Luxembourg litigation in subsitution of Mr. Jiminez.

[7] Unlike this case, which involves a voluntary mediation, both of the cases cited in the Letter involve court-ordered mediations. *See Fisher v. Smithkline Beecham Corp.*, No. 07-CV-0347A(F), 2008 WL 4501860, at *4 (W.D.N.Y. Sept. 29, 2008); *Francis v. Women's Obstetrics & Gynecology Grp., P.C.*, 144 F.R.D. 646, 648 (W.D.N.Y. 1992). This distinction is fatal to

response from Mr. Griffith. Finally, on July 2, after more than a month of delay, I wrote to Mr. Griffith:

> We really need to get some traction here and have a mediator picked. ***If that cannot be completed within the next week, we will be switching to motion to dismiss activities and the ability to mediate will largely evaporate***. Your last email on this was over three weeks ago. We have heard nothing since, despite making several inquiries.

(*See* **Exhibit C**.) We urge the Court to read the entire exchange. As an initial matter, it shows the lengths to which we went to get Mr. Griffith to engage in the mediation process. And it shows that we had no interest in July – and have no interest now – in "delaying tactics." To the contrary, we and our clients are eager for the motion to dismiss to be heard in anticipation that the real issues – *viz.* Neuman's fraudulent history and dealings – can be adjudicated in Luxembourg, where the District Court can order the only appropriate relief for it: Neuman's expulsion from Carlisle, and disgorgement of the ill-gotten gains he has received as a result of his fraud.

"A lie can travel halfway around the world while the truth is still putting on its shoes." Various iterations of this aphorism have been around for hundreds of years, and it is particularly salient here. The Letter, like Neuman's case, is a lie: it omits key facts and presents a distorted version of events, in the service of a shameless and specious maneuver. If the Court is inclined to allow Neuman and Griffith to file the Motion, we respectfully request that they be permitted to do so only if and when the Court denies the Defendants' Motion to Dismiss. Based on the schedule set by the Court at the May 14, 2021 pretrial conference, as modified by a September 15 Order (Dkt. 63), the Motion to Dismiss will be filed on November 5, the Opposition will be due by November 26, and the Reply will be due by December 17.

Respectfully submitted,

/s/ James H. Hulme

James H. Hulme

cc: All counsel of record (via ECF)

---

Neuman's request for sanctions. Moreover, the defendants here participated in the Mediation in good faith.