# THE GRIFFITH FIRM

45 BROADWAY • SUITE 2200

NEW YORK, NEW YORK 10006

(212) 363-3780

DIRECT LINE: (212) 363-3784 TELECOPIER: (212) 363-3790

EMAIL: EG@THEGRIFFITHFIRM.COM URL: HTTP://WWW.THEGRIFFITHFIRM.COM


October 28, 2021

**VIA ECF**

Hon. P. Kevin Castel, U.S.D.J.
United States District Court for the
Southern District of New York
500 Pearl Street, Courtroom 11D
New York, New York 10007

*Re: Neuman v. Garcia, et al., Case No. 1:20-cv-10723-PKC*

Dear Judge Castel:

Defendant Jose Garcia's response to my October 21, 2021 Pre-Motion Letter attempts to distract your attention from his bad faith mediation conduct by viciously attacking Mr. Neuman as a "serial fraudster" and me as an unethical enabler. Those attacks are false. But because they are also irrelevant to this lawsuit and Mr. Neuman's intended motion for sanctions, they are addressed in my declaration annexed hereto as Exhibit A.

In fact, Garcia concedes that he failed to notify Mr. Neuman of his multi-million-euro Luxembourg lawsuit before the mediation, which is tantamount to an admission that he failed to participate in the mediation in good faith:

(i) "It is true that Neuman was advised of filing of the [Garcia's multi-million-euro] Luxembourg Action the day of the mediation." Garcia Response (Doc. 65) at p. 3.

(ii) Garcia did not even inform his New York lawyers about his Luxembourg lawsuit until the mediation. *Id*. at p. 4 ("Arent Fox was not privy to the details and timing of the filing in Luxembourg and did not even have a copy of the filed Luxembourg Complaint until long after the mediation had occurred.").

Garcia offers only three potentially relevant arguments in defense of his conduct:

(i) Neuman started the Luxembourg litigation and therefore should have known Garcia would file a multi-million-euro lawsuit. *Id*. at p. 3 ("Neuman has long known that there would be litigation in

Luxembourg concerning his purported interests in Carlisle and the claims he has raised in this case.").

(ii) Garcia couldn't file his lawsuit sooner because Neuman changed Luxembourg counsel. *Id*. ("[T]he timing of informing Neuman of the Luxembourg Action is due in large part to Neuman's own actions, namely his repeated substitutions of counsel and refusal to pay them.").

(iii) The case law cited in my Pre-Motion Letter is distinguishable because the mediations in those cases were court-ordered whereas the mediation in this case was voluntary. *Id*. at p. 4 n.7.

None of these arguments has merit. First, Mr. Neuman's Luxembourg lawsuit alleges that Garcia and Carlisle Management Company, S.P.A. (the "Company") refused to produce information to which Mr. Neuman is entitled contractually and under Luxembourg law. Neuman's attempt to enforce his information rights certainly did not constitute notice, or reason to believe, that Garcia would respond with a multi-million-euro lawsuit. On the contrary, Garcia concedes that he never informed Mr. Neuman of his purported claims until the mediation. Nor does Garcia point to any conduct on his part that might have suggested or implied an intention to sue Mr. Neuman for millions of euros.

Second, Mr. Neuman's decision to change Luxembourg counsel has no relevance to Garcia's failure to inform Mr. Neuman *or his own New York counsel* of his intention to file a multi-million-euro lawsuit on the day of the mediation. Garcia's Luxembourg lawsuit is a completely new action filed in a different court than the court in which Mr. Neuman's Luxembourg action is pending. Nothing stopped Garcia from filing his lawsuit earlier. But Neuman's motion is not based on the timing of Garcia's new Luxembourg action but on Garcia's failure to notify Neuman that Garcia's settlement position at the mediation would be based on claims that had not yet been asserted. Had Garcia so advised his New York counsel and Neuman, the mediation could have been postponed or Neuman could have elected to participate remotely. Neuman does not seek sanctions against Garcia's New York counsel since they acknowledge that Garcia concealed his claims from them too. Garcia knew that his settlement position at the mediation would be based on claims that he had concealed from both Mr. Neuman and his New York counsel. That conduct doomed the mediation to failure and should be sanctioned.

Third, the fact that the mediation was voluntary makes Garcia's conduct even more egregious than if the mediation had been court ordered. If Garcia had no intention of participating

in good faith, he should have declined the Court's suggestion of voluntary mediation. A party certainly cannot agree to mediation and then decide not to participate in good faith.[1]

In addition, the motion for sanctions is not related to the merits of this lawsuit and does not depend on whether defendants' motion to dismiss is granted or denied. Garcia's request to delay the sanctions motion until after the motion to dismiss should therefore be denied.

Neuman prepared for and attended the October 4, 2021 mediation in good faith and with the hope that this dispute could be resolved if both parties participated in good faith. But Garcia failed to disclose that his settlement position would be based on multi-million-euro claims that neither Neuman nor Garcia's New York counsel had knowledge of. That guaranteed the mediation would fail and made Neuman's preparation and participation in the mediation utterly useless.

Lacking any defense for that conduct, Garcia resorts to the *ad hominem* fallacy, asserting false accusations against Neuman and me that are irrelevant to Garcia's bad faith mediation conduct. *See* Exhibit A (my declaration addressing those accusations).

Mr. Neuman should be allowed to file his motion for sanctions on November 5, 2021 with the briefing scheduled proposed in my Pre-Motion Letter.

Thank you for considering this matter.

Sincerely,

*/s/ Edward Griffith*

Edward Griffith

EG:gb
attachment
cc: James H. Hulme, Esq.
Jule Rousseau, Esq.

[1] Garcia's assertion that Neuman is responsible for delays in selecting the mediator is another attempt to divert the Court's attention from the only issue relevant to the sanctions motion: whether Garcia's admitted failure to disclose his Luxembourg lawsuit in advance of the mediation constitutes bad faith that caused Neuman to incur unnecessary expenses. Yes, the process of selecting the mediator took longer than either side intended. Garcia insisted that the mediator be a former federal judge, for example, even though Neuman wanted a mediator with both U.S. and Luxembourg litigation experience. Each side rejected mediators proposed by the other side, until Mr. Neuman suggested Judge Duncan, who had relevant international experience and was acceptable to both sides.