**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| PHIL NEUMAN,<br>Plaintiff,<br><br>-against -<br><br>JOSE GARCIA, TIM MOL, VICTOR HEGGELMAN, PILLO PORTSMOUTH HOLDING COMPANY, LLC, PILLO FINANCIAL CONSULTING CORP., and CARLISLE INVESTMENT GROUP, S.À R.L.,<br><br>Defendants. | : | Case No.: 1:20-cv-10723-PKC<br><br>**DECLARATION OF EDWARD GRIFFITH** |

EDWARD GRIFFITH declares pursuant to 28 U.S.C. § 1746 as follows:

1. I am counsel for plaintiff Phil Neuman. I make this declaration to address the meanspirited, irrelevant and false accusations that Defendant Jose Garcia makes against Mr. Neuman and me in his October 27, 2021 letter (the "Garcia Pre-Motion Response), which responds to my October 21, 2021 Pre-Motion Letter (the "Pre-Motion Letter") seeking leave to file a motion for sanctions based on Garcia's failure to participate in the October 4, 2021 mediation in good faith.

2. As set forth in my October 28, 2021 letter (Doc. 66) in further support of the Pre-Motion Letter, Garcia's accusations are not relevant to the only issue raised by Mr. Neuman's intended motion for sanctions: whether Garcia's admitted failure to disclose his multi-million-euro Luxembourg lawsuit in advance of the

mediation constitutes bad faith that caused Neuman to incur unnecessary expenses.

3. This declaration addresses those accusations to establish that they are not only irrelevant but also false, designed to unfairly prejudice the Court against Mr. Neuman. It is organized in two sections: the first addresses the accusations against Mr. Neuman; and the second addresses the accusations against me.

**I. The Accusations Against Mr. Neuman are False.**

4. Garcia makes the following accusations against Mr. Neuman:

(i) "Neuman is a serial fraudster with a long history of abusing the courts." Garcia Response (Doc. 65) at p. 2.

(ii) Neuman submitted a "declaration of honor" stating that he had not previously declared bankruptcy when he had, in fact, filed for personal bankruptcy when he was 29 years old in 1994. *Id*.

(iii) Neuman changed his Luxembourg lawyers several times and didn't pay them. *Id*. at pp. 3-4.

5. Each of the allegations is false and unsupported by any documentary evidence.

**(i) Neuman has Never been Found Guilty of Fraud or Bad Faith Litigation Tactics.**

6. While I have represented Mr. Neuman and his companies for many years, he has never been found guilty of fraud or sanctioned for bad faith litigation tactics to my knowledge. Garcia falsely suggests that Judge Dolly Gee of the United States District Court for the Central District of California found that

> Neuman is a serial fraudster who takes over and raids companies, then tries to intimidate the victims with litigation.

Garcia Response at p. 2 n.3 (quoting *LUX EAP, LLC v. Bruner*, No. ED CV 17-1359-DMG (SPx), 2021 WL 3508136, at *3 (C.D. Cal. May 10, 2021) (hereafter, "*Bruner*")).

7. Garcia fails to mention that Judge Gee's decision ruled on Neuman's motion to dismiss a counterclaim by defendants/counter-plaintiffs Kathleen A. Bruner and Robert Bruner (the "Bruners"). She therefore deemed the Bruners' allegations to be true for the purpose of the motion to dismiss. *See Bruner*, 2021 WL 3508136, at *3 ("In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true.") (citations omitted).

8. Garcia also omits the first four words of the sentence quoted from Judge Gee's decision, which establish that she was not making a finding against Mr. Neuman, but merely reciting one of the Bruner's unproven allegations:

> *The Bruners allege that* Neuman is a serial fraudster who takes over and raids companies, then tries to intimidate the victims with litigation.

*Bruner*, 2021 WL 3508136 at *3 (emphasis added).

9. Similarly, Garcia falsely implies that Judge Gee's $3.1 million judgment against Neuman's company, Lux EAP, is for fraud. Garcia Response at p. 2 n.3. In fact, the judgment is for breach of contract, not fraud, and *it is not a*

*judgment on the merits*. On the contrary, the judgment arose because I emailed Lux's response to Requests for Admission rather than sending it by regular mail. Although the email was timely and the Bruners' counsel acknowledged received it only seconds after I sent it, Judge Gee ruled that email service is not authorized under Fed. R. Civ. P. 5 and denied Lux's motion to withdraw the deemed admissions.[1]

10. The Ninth Circuit affirmed in the attached 2-1 decision. Thus, the $3.1 million judgment was not based on an evaluation of the merits of Bruners' breach of contract claim and was not for fraud in any event. Neuman's conduct in the *Bruner* case therefore has no bearing on his character and does not support Garcia's outlandish accusation that Neuman is a "serial fraudster."

11. The only other case against Neuman that Garcia cites is his new Luxembourg lawsuit, which Garcia describes as asserting:

> Neuman is a serial fraudster with a long history of abusing the courts, having filed dozens of cases in the United States.

Garcia Response at pp. 1-2.

---

[1] Lux filed a written motion to withdraw the deemed admissions on July 31, 2018, two business days after the July 27, 2018 hearing on the Bruners' summary judgment motion. Judge Gee denied that motion, holding that it should have been filed before the hearing even though (i) the Bruners made their email-is-not-proper service argument for the first time in their reply brief, which was filed only two weeks before the hearing; (ii) there was not enough time before the hearing for Lux to move to withdraw the admissions on regular notice; (iii) the court's local rules barred emergency motions except under extraordinary circumstances; and (iv) I made a verbal motion to withdraw the deemed admissions at the hearing.

12. Yet neither the Garcia Response nor his new Luxembourg provide any evidence or specific allegations to support the fraud claim, other than Garcia's assertion that Neuman "didn't do the work he promised" when he became Garcia's partner in 2009. Garcia Luxembourg Complaint (Doc. 65-1) at p. 30 or 36. Yet that dispute was resolved by the April 27, 2012 Agreement (Doc. 54-6), under which Neuman agreed to reduce his ownership in the Company from 50% to 20%.

**(ii) Neuman's Failure to Disclose His Personal Bankruptcy to Luxembourg Regulators is Not Material and was Based on Garcia's Directions.**

13. When Neuman initially completed the forms necessary for Luxembourg regulatory approval of his ownership interest in the Company, he disclosed his personal bankruptcy in 1994 when he was 29 years old. Garcia instructed him not to do so, however, and Neuman mistakenly followed Garcia's advice. In fact, the personal bankruptcy was not material and would not have affected Neuman's qualifications to become a shareholder.

14. Neuman intends to vigorously litigate Garcia's Luxembourg lawsuit, including his allegations about Neuman's regulatory approval process, but sees no reason to burden this Court with further details of a mostly unrelated lawsuit pending thousands of miles overseas. If the Court wants additional information, however, such as a declaration from Mr. Neuman or documentary evidence, he will gladly provide it.

**(iii) Mr. Neuman's Replacement of his Luxembourg Counsel is Irrelevant to Garcia's Fraud Allegations.**

15. Mr. Neuman replaced his Luxembourg counsel twice over the last year. His reasons are privileged and have nothing to do with fraud. His current counsel, Joram Moyal, prepared for, and travelled to Washington to participate in, the mediation. He has been paid and is preparing to vigorously defend Garcia's new Luxembourg lawsuit, including filing counterclaims on behalf of Mr. Neuman.

**II. The Accusations Against Me are False.**

16. The Garcia Response implies that I have engaged in unethical conduct and bad faith litigation tactics in representing Mr. Neuman. That is false. Garcia's only specific allegation, however, is that in *Bruner*, Judge Gee "strongly admonished" me

> for practic[ing] law in this matter and effectively [holding] himself out as counsel of record through correspondence with opposing counsel, despite his nonappearance in this action and non-admission to this Court or the State Bar.

Garcia Response at 2 n.3 (citing *Bruner*, PACER CACD 17-1359-DMG (SPx) at Doc. 99 (denying the Bruner's request to withdraw my admission pro hac vice).

17. Despite her admonishment, Judge Gee denied the Bruners' request to vacate the order granting my *pro hac vice* application. *Id*. In addition, I respectfully observe that the admonition was not justified because I complied with the applicable rules regarding the practice of law in the Central District of California before Judge

Gee granted my application for *pro hac vice* admission on July 16, 2018.

18. Before my *pro hac vice* admission, Lux's counsel of record was Graham Norris, a lawyer admitted to the California bar and the bar of the Central District of California. The work I performed consisted of communications with the Bruners' counsel and assistance to Mr. Norris with research, drafting and discovery. The documents on which I worked identify me and my firm's New York City address as "of counsel," which is the customary method of indicating that a lawyer other than the counsel of record participated in the preparation of the document.

19. Because Mr. Norris supervised and approved my work, it did not constitute the unauthorized practice of law. Indeed, even *non-lawyer paralegals* may

> *perform substantial legal work* under the direction and supervision of an active member of the State Bar of California … includ[ing] … case planning, development, and management; *legal research*; interviewing clients; fact gathering and retrieving information; [and] *drafting and analyzing legal documents*.

Cal. Bus. & Prof. Code, § 6450(a) (emphasis added).

20. I did not intend to appear on behalf of Lux until after the Bruners filed their summary judgment motion based on deemed admissions in June 2018. On July 13, 2018, I filed my application for *pro hac vice* admission because I intended to appear at the July 27, 2021 hearing on the Bruners' motion. (In retrospect, perhaps Mr. Norris should have handled the hearing.)

21. Finally, one of Garcia's lawyers in this case was admitted *pro hac vice*

on March 15, 2021. *See* Order Granting Motion for James H. Hulme to Appear Pro Hac Vice (Doc. 55). I have corresponded with him concerning this case, however, since early January and he was identified on filed documents before his admission as "*pro hac* application to be submitted." *See*, *e.g.*, Response to Show Cause (Doc. 40). Neither his pre-admission work on this case nor my pre-admission work on the *Bruner* case constituted the unauthorized practice of law.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: Isla Holbox, Mexico
October 28, 2021

EDWARD GRIFFITH

**Attachment to Griffith Declaration**

# Ninth Circuit 2-1 Decision Affirming Deemed Admissions Due to Email Service

**NOT FOR PUBLICATION**

FILED

APR 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUX EAP, LLC, a Wyoming Limited Liability Company,

Plaintiff-counter-defendant-Appellant,

v.

KATHLEEN A. BRUNER; ROBERT BRUNER,

Defendants-counter-claimants-Appellees,

v.

PHIL NEUMAN; COLIN C. CONNER II,

Counter-defendants-Appellants.

No. 19-55453

D.C. No.
5:17-cv-01359-DMG-SP

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted February 12, 2020
Pasadena, California

Before: BERZON, TALLMAN, and R. NELSON, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Lux EAP, LLC (“Lux”) appeals from a certified final judgment pursuant to Federal Rule of Civil Procedure 54(b) in favor of Appellees Kathleen and Robert Bruner following the district court’s grant of partial summary judgment on all of the claims raised by Lux and some of the counterclaims raised by the Bruners, and its denial of Lux’s motions to withdraw admissions and to strike pursuant to Federal Rules of Civil Procedure 36(b) and 12(f). On appeal, Lux argues that the district court abused its discretion by not granting its motions, and also that the district court erred in its interpretation of the parties’ contracts. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

The district court did not abuse its discretion in denying Lux’s motion to withdraw admissions. The court concluded after a hearing that both prongs of Rule 36(b) were met. But it nonetheless exercised its discretion to deny Lux’s motion, holding that Lux had not shown good cause for its delay in seeking relief from the deemed admissions because, although Lux had been aware of its admissions for weeks, it failed to file a motion to withdraw them prior to the summary judgment hearing. The court could have granted Lux’s motion to withdraw on these facts, but it was not obligated to do so. *See* Fed. R. Civ. P. 36(b); *Conlon v. United States*, 474 F.3d 616, 621–25 (9th Cir. 2007). The court properly weighed the Rule 36(b) factors, considered the relevant caselaw, the history of the parties’ conduct of the litigation, and exercised its discretion to deny

Lux's motion.

The district court likewise did not abuse its discretion in denying Lux's motion to strike. The timeliness argument Lux sought to strike was raised in the Bruners' summary judgment motion. But even if the argument were first raised in the Bruners' reply brief, it was not an abuse of discretion for the district court to consider it because the district court gave Lux the opportunity to respond in supplemental briefing—an offer Lux declined. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040–41 (9th Cir. 2003).

Since the district court did not err in refusing the request to withdraw the damaging admissions and relying upon them in awarding partial summary judgment to the Bruners, we need not reach the alternative ground that the contract language did not support LUX's argument that the management agreement was in fact a sale of the company.

Costs are awarded to Appellees.

**AFFIRMED.**

Case: 19-55453, 04/24/2020, Document 66-1, Page 13 of 14

FILED

APR 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*LUX EAP, LLC v. Bruner*, No. 19-55453

BERZON, Circuit Judge, dissenting:

I respectfully dissent. I would hold that the district court abused its discretion when it denied Lux's motion to withdraw admissions.

This case is quite different from *Conlon v. United States*, 474 F.3d 616, 625 (9th Cir. 2007), in which the defendant warned the plaintiff repeatedly over a two-month period that he had missed the deadline to respond to the defendant's requests for admissions and the plaintiff "could not show good cause for his dilatory conduct." Here, Lux e-mailed its responses to the Bruners on the day they were required to be served, and served them by mail two days later. There is no dispute that the Bruners received the e-mailed responses on the day Lux sent them. Thus, the "delay" relied upon by the district court was just a technical failure to follow the service rules, which did not allow service by e-mail. There was no *actual* delay in communicating responses, and so no possible prejudice to the Bruners.

Moreover, the Bruners themselves did not identify the e-mail service problem in their opening brief on summary judgment. Instead, they miscalculated the deadline and argued that Lux had failed to meet the incorrectly calculated deadline. It was not until their reply brief that the

Bruners first indicated that Lux's responses were late because e-mail service was not permitted. At that point, Lux's counsel made the unwise but understandable decision to wait to move to withdraw the admissions until the already-scheduled hearing on the motions for summary judgment two weeks later, instead of filing a disfavored *ex parte* motion.

Given the mistakes on both sides and the lack of any prejudice whatsoever to the Bruners, it was an abuse of discretion to deny Lux's motion. Lux should have been permitted to withdraw the admissions. I would therefore reverse and remand the claims on which the district court concluded that the Bruners were entitled to summary judgment based solely on the admissions. As the majority does not reach the contract-interpretation claim on the merits, I do not either.