UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PHIL NEUMAN,

                Plaintiff,                      20-cv-10723 (PKC)

    -against-

                                                                OPINION AND
                                                                 ORDER

JOSE GARCIA, et al.,

                Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        More than eight months after plaintiff Phil Neuman was offered but declined the opportunity to further amend his complaint, and more than 83 days after defendants filed a motion to dismiss, Neuman has moved for leave to file a Third Amended Complaint. For reasons to be explained, the motion will be denied.

        On December 18, 2020, Neuman filed this action against Jose Garcia, Carlisle Acquisition Vehicle, LLC, Carlisle Investment Group, S.À R.L. ("CIG"), Victor Heggelman, Tim Mol, Pillo Financial Consulting Corp. ("Pillo Financial") and Pillo Portsmouth Holding Company, LLC. Neuman alleged that through a series of agreements executed on November 24, 2009, and April 9, 2010, Garcia sold Neuman a 50% ownership interest in two Luxembourg companies, Carlisle Management Group, SCA and CIG, which Garcia indirectly owned through Pillo Financial. Neuman brought claims for breach of contract, fraud, breach of fiduciary duty, replevin, conversion and fraudulent conveyance.

Neuman, a Nevada citizen, alleged subject matter jurisdiction based upon diversity of citizenship. 28 U.S.C. §1332(a). But his complaint did not properly allege the citizenship of two defendant limited liability companies ("LLCs") and two defendant corporations. On December 23, 2020, the Court issued an Order (Doc 22) <u>sua sponte</u> authorizing Neuman to serve interrogatories on the LLCs and requiring him to amend his deficient complaint within thirty days or the action would be dismissed for lack of subject matter jurisdiction. Neuman filed a First Amended Complaint on January 6, 2021 correcting the defects in the jurisdictional allegations. (Doc 23.)

Counsel for one of the defendants[1] filed a pre-motion letter on January 21, 2021 in accordance with the undersigned's Individual Practices setting forth the legal and factual basis for a proposed motion to dismiss the amended complaint.[2] (Doc 39.) There are no page limits on the letter or the response, and defendants' letter was eight single-spaced pages in length. The letter explained the bases, with citation to case law, for the motion to dismiss.

Where a party seeks to move to dismiss a complaint, the Court's Individual Practices require the responding parties to state whether they wish to amend:

> iv. If a Pre-Motion Letter seeks to file a motion to dismiss, the party responding shall unambiguously state whether he, she or it seeks leave to amend. The Pre-Motion Letter and response will be taken into account in deciding whether further leave to amend will be granted in the event the motion to dismiss is granted. The transmittal of a Pre-Motion Letter for a proposed motion under Rule 12(b), Fed. R. Civ. P. stays the time to answer or move until further order of the Court.

(Individual Practices at ¶3(A).)

Neuman responded that he "proposes to file a Second Amended Complaint that addresses certain of those allegations. . . ." (Doc 45 at 2.) The Court granted Neuman until

---

[1] In the letter, counsel indicated that he would be representing all defendants, but because only one, in his view, had been properly served, the letter was sent only on behalf of the defendant conceding proper service.
[2] The parties were alerted to the Individual Practices in an Order of December 22, 2020. (Doc 21.)

March 11, 2021 to file a Second Amended Complaint. (Order of Feb. 11, 2021 at Doc 48.) With the permission of the Court, Neuman filed his Second Amended Complaint on March 12.

On April 16, 2021, a second pre-motion letter was submitted on behalf of all defendants addressed to the Second Amended Complaint; it was eight single-space pages in length with citations to authority and two exhibits, further expounding on the grounds for dismissal. (Doc 56.) The second pre-motion letter largely reiterated the grounds for dismissal raised in the prior pre-motion letter of January 21 that prompted the filing of a Second Amended Complaint: forum non conveniens, lack of personal jurisdiction, statute of limitations, failure to allege fraud with particularity and failure to state a claim in replevin. Neuman responded in a letter of April 22, 2021 but failed to state whether he desired to further amend the complaint. (Doc 57.)

The Court held a conference with the parties on May 14, 2021. Mindful of Neuman's silence on the point, the Court made inquiry of plaintiff's counsel whether he wished to further amend and the response was in the negative. In setting the briefing schedule on the motion to dismiss, the Court duly noted that Neuman had declined the opportunity to further amend: "The Court offered plaintiff leave to amend the complaint and plaintiff elected to stand on the pleadings." (Minute Entry May 14, 2021.)

With extensions granted by the Court, defendants filed their motion to dismiss on November 5, 2021. (Doc 68.) The Court granted multiple extensions to Neuman for the filing of a response. (Doc 73, 75, 77.) Ultimately his answering brief became due on January 28, 2022, 12 weeks after the motion was filed.[3] Even though none of the three requested adjournments breathed a hint of a desire to further amend, on the day before the answering brief was due to be

---

[3] As a frame of reference, Local Civil Rule 6.1 sets the time for a response to a motion to dismiss as 14 days after filing.

filed, Neuman sought to file a Third Amend Complaint, annexing a copy of the proposed pleading. (Doc 79.) Without expressing any view of the merits, the Court allowed Neuman to file a motion to amend, and at Neuman's request stayed further briefing on the motion to dismiss. (Order of Jan 28, 2022, at Doc 80.)

Because Neuman's letter announcing a desire to file a Third Amended Complaint claimed refreshed recollections on the part of Neuman, the Court further ordered as follows: "If it is plaintiff's intention is to alter factual assertions in the Second Amended Complaint regarding the timing of certain events, the motion shall be accompanied by a sworn affidavit from plaintiff Phil Neuman explaining the change." (Id.) Neuman filed a document labelled as neither an affidavit nor a declaration in which he "declares under 28 U.S.C. §1776 [sic] as follows: . . ." (Doc 82.) Unlike a declaration conforming with 28 U.S.C. §1746, it does not assert that the statements are under penalty of perjury. Neuman had previously filed a declaration with this Court labelled "**DECLARATION**," citing the correct statute and "declar[ing] under penalty of perjury that the foregoing is true and correct." (Doc 34-14.) Ascribing sinister purposes to the absence of a valid declaration under penalty of perjury, defendants called the circumstance to the Court's attention in its answering brief, and a proper affidavit was filed by Neuman with the defects that counsel attributes to his counsel's oversight caused by a health condition. (Doc 87.)[4]

The Proposed Third Amended Complaint adds three color diagrams and 27 new paragraphs of allegations not contained in the Second Amended Complaint, running an additional 10 pages in length. Neuman's counsel advised the Court that the amendment was justified by Neuman's refreshed "recollection of the timing and details of certain communications he had with Defendants Jose Garcia and Tim Mol ten years ago. . . ." (Doc 79.)

---

[4] As noted, only after defendants' called the matter to the Court's attention did Neuman correct the defective document.

DISCUSSION

Having twice amended his complaint, Neuman could not further amend without leave of Court. Rule 15(a)(1)(A), Fed. R. Civ. P., provides insofar as is potentially relevant here that a party may amend "once" as of right within 21 days of service of the party's initial pleading. Neuman's complaint has been twice amended. It matters not that the first amendment was to correct a defect in the jurisdictional allegation and that the second amendment resulted from an order allowing him to so. Rule 15 draws no distinction in the manner or cause for the earlier amendment.

Rule 15(a)(1)(B) provides an alternate juncture at which a party may "once" amend as of right: 21 days after an opposing party's filing of a motion to dismiss under Rule 12(b), Fed. R. Civ. P. Apart from the circumstance that Neuman has twice amended, more than 21 days passed from the filing of the motion to dismiss. There is no support for his claim that the Court's generous grant of extensions to file a response to the motion to dismiss implicitly extended the 21-day period measured from the opposing party's filing.

Rule 15(a) provides that where a party may not amend as a matter of course, it may seek leave of Court to file an amended pleading, which leave should be freely granted. The Second Circuit notes that, despite the freely granted standard, "the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002); see also Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990) ("The [district] court plainly has discretion, however, to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment

would prejudice the defendant."). "A counseled plaintiff is not necessarily entitled to a remand for repleading whenever [it] has indicated a desire to amend [its] complaint." Porat v. Lincoln Towers Cmty. Ass'n, 464 F.3d 274, 276 (2d Cir. 2006) (per curiam).

Defendants urge that the motion should be denied because of undue delay in waiting over eight months after the May 14 conference at which the Court offered Neuman the opportunity to amend and he declined, 83 days after the filing of the motion to dismiss, and one day before his answering brief was due. Defendants also assert undue prejudice from the time and expense of filing a motion to dismiss that would become moot upon the filing of a further amended pleading. Defendants also claim bad faith based on a variety of circumstances. The Court concludes that leave to amend should be denied because of undue delay, undue prejudice and bad faith.

Undue Delay. The delay here is measured from the April 22, 2021, when Neuman's response to the April 16, 2021 letter was due, in which he was required to state whether he wished to amend. It continued through the May 14 conference, after which the Court entered the following Minute Entry: "The Court offered plaintiff leave to amend the complaint and plaintiff elected to stand on the pleadings." In the 12 weeks after the motion to dismiss was filed, Neuman made no request to amend. On January 27, 2022, the day before the brief in response to the motion to dismiss was due, Neuman first expressed a desire to further amend.[5] In total, the Court concludes that the nine-month delay in seeking permission to further amend is an undue delay.

---

[5] See Footbridge Ltd. Tr. v. Countrywide Home Loans, Inc., 2009 WL 4278179, at *2 (S.D.N.Y. Nov. 23, 2009) ("Plaintiffs' decision to attempt to add these claims four weeks after receiving defendants' motions [to dismiss], coupled with their extensive proposed amendments to the claims that are the subject of the pending motions, suggests that this was a sharp tactic and one that would unfairly prejudice defendants and result in undue delay.")

Undue Prejudice. The undue prejudice arises from the juncture at which the request to amend was made, i.e., after defendants spent the time and expense to prepare the motion..  Because of the nature of the proposed revisions, i.e., the addition of 27 paragraphs of allegations and the alteration in the new recollection of Neuman, work done on the original motion would in substantial part be wasted.[6]  Also, defendants have been accused of fraud in commercial and financial transactions, a serious matter.  Delay in adjudication of the claims leaves the cloud hanging over the defendants' heads, and this is prejudice to them

Bad Faith. The Court finds bad faith on the part of Neuman and his counsel from three circumstances.  First, Neuman remained silent from receipt of defendants' motion on November 5 until one day prior to the filing of his answering brief, at which time he submitted a fully drafted proposed Third Amended Complaint adding 27 paragraphs and color diagrams, bespeaking a drafting effort commenced at an earlier and unannounced period of time.  Even if it is true that his counsel only decided to seek to amend two weeks before he wrote to the Court, he had a duty to promptly advise his adversary and the Court and not wait until the eve of filing his answering brief.

The second circumstance supporting a finding of bad faith arises from the Court's Order that Neuman file an affidavit explaining "[i]f it is plaintiff's intention is to alter factual assertions in the Second Amended Complaint regarding the timing of certain events . . . ." (Doc 80.)  In response, he filed a document that was neither notarized nor signed under penalty of perjury, and made reference to a non-existent statute, 28 U.S.C. § 1776.  (Doc 87.)  It is highly doubtful that Neuman could have been prosecuted under the perjury statute for any knowing

---

[6] Neuman essentially concedes the point: "While the allegations and claims in the proposed TAC are similar to those in the SAC, there are enough differences that briefing the pending motion to dismiss the SAC would be confusing and inefficient if the TAC is allowed to be filed." (Ltr. Jan 27, 2022; Doc 79.)

falsehood in the document.  Neuman had previously filed a document labelled "Declaration," citing the correct statute and declaring that the statements were under penalty of perjury.  (Doc 34-14.)  His counsel, who claims to have drafted the faulty "declaration" because of his own dyslexia, had previously filed four declarations of his own in this action, each labelled as a declaration, citing the correct statute and stating that the statement was under penalty of perjury.  (Doc 29, 30, 34 & 66-1.)

The third circumstance giving rise to a finding of bad faith arises from a flat-out untruth asserted in Neuman's papers in support of the motion to amend.  In Neuman's declaration, and in the brief which his lawyer signed, the assertion is made that "The SAC [Second Amended Complaint] was filed pursuant to the Court's February 11, 2021 Order [48] to plead the fraud allegations with greater specificity."  (Doc 87 at ¶ 4.)[7]  The statement is false.  On January 27, 2021, shortly after a defendant's letter describing the grounds for its proposed motion to dismiss, Neuman announced that he "proposes to file a Second Amended Complaint that addresses certain of those allegations, such as the allegation that the fraud allegations are not pled with sufficient particularity."  (Doc 45.)  The Court made no hint, suggestion or ruling on whether the existing allegations of his pleading were adequate.  It merely entered an Order that "Plaintiff may file a Second Amended Complaint by March 8, 2021."  (Doc 48.)  Plaintiff was not ordered to amend; he was free to change his mind and stand on the First Amended Complaint.  Asserting that the Court "Order[ed] [48] [him] to plead the fraud allegations with greater specificity" is a falsehood.  This is a badge of bad faith.

Neuman had multiple opportunities and junctures to amend his pleading.  The first amendment was required because of deficiencies in Neuman's jurisdictional allegations.

---

[7] Neuman's point was his view that the First Amended Complaint and Second Amended Complaint were Court-mandated and hence should not count as voluntary amendments on his part.

The second amendment was prompted by the pre-motion letter of January 21, 2021, and a voluntary decision by Neuman to further amend his pleading. After the filing of the Second Amended Complaint, there was a fresh pre-motion letter of April 27, 2021, which detailed the deficiencies in that pleading. Neuman was required under the Court's Individual Practices at to state unequivocally whether he wished to further amend. Neuman remained silent despite an obligation under the Individual Practices to speak. This was not due to lack of familiarity with the provision, because he had earlier complied and was granted leave to file the Second Amended Complaint. But as reflected in the May 16, 2021 Minute Entry, the Court did not merely rely on Neuman's silence but specifically asked if he wished to further amend, and he specifically declined to do so.

The Court has considered Neuman's expressed desire to amend, his explanation for his reasons for seeking to do so, including his "refreshed" recollection, the policy embodied in Rule 15 of freely allowing amendments to pleadings, and all other arguments in his submissions. The Court, in the exercise of discretion, concludes that his undue delay alone warrants the denial of his request to amend. Here, that undue delay is coupled with undue prejudice and bad faith.

The motion to amend (Doc 81) is DENIED. Because plaintiff's response to the motion to dismiss should have been fully drafted the day before it was due on January 28, 2022, he will be allowed an additional seven days from the date of this Order to file his response. Defendants may file their reply seven days thereafter.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       April 27, 2022