```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PHIL NEUMAN,

                        Plaintiff,                20-cv-10723 (PKC)

        -against-

                                                  ORDER
JOSE GARCIA,

                        Defendant.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

        Defendants previously moved to dismiss the action on the grounds of *forum non conveniens* in favor of pending litigation in Luxembourg (the "Luxembourg Action"). In an Opinion and Order of September 23, 2022, this Court denied that motion. (ECF 108.) Defendant Jose Garcia now moves to stay this action during the pendency of the Luxembourg Action. (ECF 118.) The motion will be denied.

DISCUSSION

        "The mere existence of parallel foreign proceedings does not negate the district courts' 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" Royal & Sun Alliance Insurance Co. of Canada v. Century International Arms, Inc., 466 F.3d 88, 92 (2d Cir. 2006) (ellipsis in original; quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). To justify a stay or exercise of abstention, the Court must find the existence of "exceptional circumstances." Royal & Sun Alliance, 466 F.3d at 93. "The exceptional circumstances . . . must, of course, raise considerations which are not generally present as a result of parallel litigation, otherwise the routine would be considered exceptional,

and a district court's unflagging obligation to exercise its jurisdiction would become merely a polite request." Id.

In this case, where principles of comity and respect for the courts of a foreign nation are implicated, the Court examines the "totality of the circumstances," including "the similarity of the parties, the similarity of the issues, the order in which the actions were filed, the adequacy of the alternate forum, the potential prejudice to either party, the convenience of the parties, the connection between the litigation and the United States, and the connection between the litigation and the foreign jurisdiction." Id. at 94.

About ten months after Neuman commenced the present action, Garcia commenced the Luxembourg Action. Garcia's claim in the Luxembourg Action seeks to invalidate certain agreements pursuant to which a 20% ownership interest in Carlisle Management Company, S.C.A., was transferred to Neuman. The surviving claims in the present action allege that Garcia fraudulently induced Neuman to enter into a 2012 Settlement Agreement and also that the Settlement Agreement is voidable because of certain breaches of its terms; the surviving claims include breach of fiduciary duty claims against Garcia. The dispositions of the claims in this action and the Luxembourg Action may impact one another.[1]

Neither Garcia nor Neuman has strong ties to New York.[2] Garcia is a citizen of Spain but resides in Luxembourg. Neuman resides in Nevada. Certain of the entities to which the action relates are organized under the laws of Luxembourg. There is no claim that Luxembourg is an inadequate forum for the claims brought there and this Court has already

---

[1] "'[P]]arallel proceedings in the same in personam claim should ordinarily be allowed to proceed simultaneously, at least until a judgment is reached in one which can be pled as res judicata in the other.'" China Trade & Dev. Corp. v. M.V. Choong Yong, 837 F.2d 33, 36 (2d Cir. 1987) (quoting Laker Airways, Ltd. v. Sabena Belgian World Airlines), 731 F.2d 909, 926–27 (D.C. Cir. 1984)). Thus, even a perfect identity of issues in the two proceedings would not, in and of itself, justify a stay.
[2] Neuman brought suit in New York and Garcia consented to exclusive jurisdiction in New York.

- 3 -

rejected Garcia's *forum non conveniens* argument as to this forum. Fact discovery is well under way in this action and is presently scheduled to conclude on March 3, 2023. Neuman would be prejudiced by a delay.

Based upon the totality of the record, the Court concludes that the motion presents no extraordinary circumstance that would justify a stay at this time. The Court reserves the right to consider the status of the Luxembourg Action in further scheduling decisions in this case.

CONCLUSION

The motion for a stay (ECF 118) is DENIED. The Clerk shall terminate the motion.

SO ORDERED.

                                                                 _____
                                                                            P. Kevin Castel
                                                                   United States District Judge

Dated: New York, New York
            February 6, 2023