UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PHIL NEUMAN,

                          Plaintiff,                    20-cv-10723 (PKC)

        -against-


                                                        ORDER

JOSE GARCIA,

                          Defendant.
-------------------------------------------------------------x

CASTEL, U.S.D.J.


        Having reviewed plaintiff's submission of September 21, 2003 (ECF 153), the

responsive submission of defendant of September 27, 2023 (ECF 156) and plaintiff's reply of

September 29, 2023 (ECF 159), the Court ORDERS as follows:

        The deposition of Garcia, a party to the action, shall take place on October 19,

2023 at 2 p.m. local time in Luxembourg.  The videographer and the court reporter shall attend in

person, i.e. in the physical presence of Garcia.  Per agreement, counsel for the parties shall

appear remotely.  Neuman has a right to attend the deposition but the Court now rules that he

may only do so by attending remotely.

        Neuman seeks documents in six categories in the possession or control of Garcia.

Garcia claims that he lacks possession or control of some documents because they relate to the

affairs of Carlisle Investment, a *société à responsabilité limitée* organized under the laws of

Luxembourg with its principal place of business there, of which he is a director. Carlisle

Investment is the general partner (the "General Partner") of Carlisle Management (the "Company").

Garcia's opaque and possibly circular disclaimer clouds the issue. He states that Neuman's lawyer "has understood since the parties first exchanged discovery requests and responses that Garcia could and would only produce documents relating to Carlisle or the General Partner to the extent they were publicly available, or in his own possession, custody, or control." (ECF 156.)  Garcia has set himself up as sole arbiter of which documents are in his possession, custody and control and does not reveal the standard he applies to make that determination; elsewhere in the letter he hints that shareholder reports and publicly-available financial statements are within his control but does not state whether this is an exhaustive list. He does not assert that he lacks the practical ability to obtain all documents requested but asserts "they are not his to produce."

Garcia has asserted that the production of company documents—those of Carlisle Investment or Carlisle Management—would violate the provisions of Luxembourg law. (ECF 7; citing Arts. 444-6 and 710-15 of the Law of 10 August 1915 on commercial companies (consolidated version as of 16 August 2021.) Though it is Garcia's burden to demonstrate that compliance with the discovery would expose him to sanctions under the laws of Luxembourg, he has offered no authoritative explanation of the statutes he cites.  He has not come forward with a single instance of adverse action taken or liability imposed against a person similarly situated to Garcia for producing comparable documents.  Neuman's expert disputes Garcia's contention as applied to a disclosure to a shareholder or, as long as it is not against the interest of the company, to any other person. (ECF 159-2.).

Because Garcia directly or indirectly controls at least a 50% of the ownership interest in Carlisle Investment and Carlisle Management, the Court concludes that he has practical control over the requested documents even if they are documents prepared in the ordinary course of the businesses of the General Partner or the Company. The Court also concludes that he has not persuasively demonstrated that he is under a legal impediment from producing them to Neuman pursuant to an Order of this Court.

By October 14, 2023, Garcia shall produce the following

1.    All documents that are the financial statements for 2022 and, if the financial statement is not yet final, any draft of the financial statement and any document reflecting a communication concerning the 2022 financial statements.

2.    All agreements or other documents reflecting the General Partner's entitlement to a management fee, including documents disclosing whether this management fee is taken from the Company's management fees or is in addition to the Company's management fees.

3.    All documents establishing the amount of assets under management for each year the General Partner received a management fee based on that amount.

4.    All documents establishing the value of dividends that the Company distributed to the General Partner by year, including but not limited to all other KPMG reports on dividend distributions.

5.    All documents sufficient to establish the value of dividends that the General Partner distributed to its owners by year.

6.    All documents sufficient to establishing the value of any other direct or indirect transfer of funds from the Company to the General Partner by year.

Each of the foregoing documents may be produced subject to the Protective Order with Non-Waiver Provision. (ECF 116.)  If Garcia contends that any of the documents are attorney work product or are protected by the attorney-client privilege, he shall furnish the information required by Local Civil Rule 26.2 by October 14, 2023.

If and to the extent Garcia fails to comply, the Court may impose any of the sanctions provided in Rule 37, Fed. R. Civ. P., including striking Garcia's answer and entering a default judgment or precluding Garcia from offering evidence on the issues to which the documents relate.

To the extent any issue remains, Neuman's counsel is free to probe the existence and location of documents at the deposition of Garcia.

Letter motion (ECF 153) should be terminated.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 4, 2023

- 4 -